### WILLIAM RICHARDS *v.* FRED. SCHLEGELMICH.

The true meaning of a contract in the following words: "Twelve months from date, with interest from date, I promise to pay William Richards $6,662 in the event the Rhodes Gold mine continues to prove at the expiration of said time a good gold mine," is that the mine, which may be proved to have been before opened and worked, continued to be as good a mine at the end of the year as it was at the beginning, and not that it was a good mine in the estimation of miners, without reference to its quality at the time the contract was made.

In putting a construction upon a deed or other written instrument, facts existing at the time to which the words used point, may be proved as a key to the meaning; just as the condition of a testator's family and estate at the date of his will, may be proved to aid in arriving at his meaning.

This was a civil action tried before his Honor, *Logan, J.,* at the Spring Term, 1870, of the Superior Court for GASTON County.

The complaint was founded upon a promissory note for the payment of money in the following words:

Twelve months after date, with interest from date, I promise to pay William Richards six thousand, six hundred and sixty-two dollars, in the event the Rhodes gold mine continues to prove at the expiration of said time a good gold mine.

　　[Signed.]　　　　　　FRED. SCHLEGELMICH.

March 16th, 1868.

The defendant alleged that the said "gold mine had not continued to prove, nor was it at the expiration of the time of payment, a good gold mine, nor is it so at this time." It was in evidence that the mine had been previously worked, and that the defendant had possession of it and worked it during the time specified in the note. Testimony was given on both sides as to the quality of the mine, and as to how much per ton the ores yielded. His Honor charged the jury that

according to the terms specified in the note, there was a condition precedent, and it was for the plaintiff to satisfy them of its performance before he would be entitled to recover; that if from the evidence they believe he had proved the mine to be a good gold mine he would be entitled to recover, otherwise they should find for the defendant. There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Guion* and *Hoke*, for the plaintiff.
*Bynum* and *J. H. Wilson*, for the defendant.

PEARSON, C. J. It was the duty of the Judge to put a construction upon the instrument sued on. His Honor performed this duty in part, by holding, "there was a condition precedent, and it was incumbent on the plaintiff to prove its performance." He then leaves it to the jury to find whether it was or was not a good gold mine at the time the note was payable.

From this we assume his opinion to be, that by the true construction of the instrument, it was for the plaintiff to satisfy the jury, that it was a good gold mine, according to the estimation of miners, at the time referred to; in other words, that the meaning of the instrument was, the defendant is not to pay, unless the mine proves to be a good gold mine, at the end of the year; treating the word "continues" as surplusage and giving to it no force; so, as in effect to make the plaintiff undertake to guarantee that the mine at the end of the year would prove to be a good one, absolutely, and without reference to any other consideration, save what is a good gold mine according to the estimation of miners.

This Court is of opinion that such is not the meaning of the instrument, having regard to well settled rules of construction, e. g., "Every word of an instrument should (if

possible) be made to have some operation." "Words are to be taken most strongly against the party using them." For self interest prompts a man to select words that do not run to his prejudice, outside of his own intention.

The mine was not a new one, but had been previously opened and worked by other persons; the plaintiff and defendant both had access to this means of information, and the words "continues to prove a good gold mine at the end of twelve months" amount to this; the mine has proved to be a good gold mine so far, in the estimation of the parties. Now in the event it continues to prove a good gold mine at the end of the year, the price is to be paid, otherwise not; thus making the plaintiff guarantee that the mine will not turn out to be any less good, at the end, than it was at the beginning; so that should the vein give out, or prove, on being followed, of less thickness, or the ore be of less richness than it has now proved, the defendant is not to pay for it.

This construction gives full force to the word "continues," and to the word "proves" by having reference to the fact that the mine had been previously worked. It is well settled that in putting a construction, facts existing at the time to which the words used point, may be proved "as a key to the meaning." The condition of a testator's family and estate may be proved to aid in arriving at his meaning. The mischief which a statute is intended to remedy may be taken into consideration by the Court, in order to fix the meaning of the words used, so as to correct the mischief, and avoid carrying the operation of a statute too far, or stopping short of the mischief.

In our case the word "continues" would not have been inserted, unless the parties intended to convey some meaning by the use of it; what that meaning was is made clear by the fact that the mine had been previously worked, and as miners say "tested." But for this fact, the word "con-

tinues " would be senseless and unmeaning, and of course would not have been used ; connected with this fact, it is pertinent and controlling.   To give effect to it, his Honor ought to have submitted to the jury the question: Did the mine continue to be as good a mine at the end of the year as it was at the beginning, or did it fall off and prove to be worse to such a degree as not to be worth working?

There is error.

PER CURIAM.                                       *Venire de novo.*