GOFF, CRANSTON & CO. v. CARTER POPE.

*Description in Deed—Evidence—Construction.*

1. Where an object conveyed is sufficiently identified by the terms used, a false mention of some particulars, not producing obscurity as to the intention of the parties, will not defeat the operation of the instrument, upon the maxim, "*falsa demonstratio non nocet,*" &c.

2. A mortgage conveyed a "portable steam engine, grist and saw mill and forty horses now on"—a certain plantation, "also a second portable steam engine used for ginning and shelling corn"; *Held,* under the foregoing rule,

   (1) That parol evidence was admissible to show that the engine first mentioned was intended to be included in the mortgage, though misdescribed as to location;

   (2) That the dealings and declarations of the parties with respect to such engine were receivable in evidence on the question as to whether or not it was included in the mortgage.

*Held further*, that, to advance the true intent of the parties, the word " portable " may be treated as synonymous with movable.

(*Bryan* v. *Faucet.* 65 N. C., 650; *Johnson* v. *Nevill, Ib.*, 677, cited and approved.)

CLAIM AND DELIVERY, tried at Fall Term, 1879, of NASH Superior Court, before *Eure, J.*

The plaintiffs claimed a portable steam engine, grist and saw mill, and the appurtenances thereto, which were located on the land of W. D. Harrison, in the county of Nash, and conveyed to them by Charles W. Smith of Pitt county, in the manner described in the opinion of this court. Under the charge of the court, the jury rendered a verdict for the plaintiffs; judgment, appeal by defendant.

*Messrs. G. V. Strong* and *G. M. Smedes*, for plaintiffs.
*Messrs. Bunn & Battle* and *Davis & Cooke*, for defendant.

SMITH, C. J. The plaintiffs derive title to the articles mentioned in their complaint under three successive mortgage deeds from C. W. Smith to them, the first executed in September, 1869, and describing the property conveyed, as do the others, in the following language: " The growing cotton and corn crops on plantation situate on Tar River in said state of North Carolina, formerly known as the ' Penny Hill plantation,' " with full boundaries; " also including in this conveyance the portable steam engine, grist and saw mill, and forty horses now on said plantation; also a second portable steam engine, used for ginning and shelling corn." At the date of the first deed there was a small steam engine on the plantation used in ginning cotton and shelling corn, and another larger in size and of forty horse power (that now in controversy) in the woods, eight miles distant from the plantation. The latter was originally put on land near Greenville in Pitt county, then conveyed towards

Bethel, and finally removed to the farm of W. D. Harrison, where it remained unworked until the defendant took possession, shortly after which the present action was brought.

There was conflicting evidence offered on the trial to show what was a *portable* as distinguished from a *stationary* engine, and to which class this properly belonged. The plaintiffs introduced as a witness an agent of theirs who testified that he advertised a sale of the steam mill to take place in April, 1876 ; that before the day of sale, the defendant made him an offer of five hundred dollars which was refused, and that they went on the premises and examined the condition of the mill. At the day appointed, in the presence of the mortgagor, the defendant and others, the mill was offered for sale as the property of the plaintiffs and no objection was made or claim asserted by any person. The bids were not satisfactory and the sale was stopped. It was again offered in like manner after advertisement in November of the same year and withdrawn for a similar reason. The defendant did then object, saying the property was not his and declining to tell who made claim. At the same time in a private interview the defendant offered three hundred and fifty dollars for it.

Several instructions to the jury were asked for defendant, which the court declined to give, the substance of which is condensed in two propositions : First, if the engine, grist and saw mill was a stationary and not a portable engine, the title thereto did not pass under the mortgages ; and secondly, if it was not on the Penny Hill plantation when the deed was executed, it was not within the words of description and was not conveyed.

The only question then is as to the sufficiency of the descriptive words contained in the deed to convey the steam mill to the plaintiff. Numerous authorities are cited in the brief of the defendant's counsel to show that under the rulings of this court the same accuracy in the statement of the

cause of action is required under the present as under the former system of pleading ; that the proofs and allegations must correspond in order to a recovery ; and that it is the duty of the judge to respond directly to a request for directions to the jury by giving or refusing them. The references do not meet the aspect of the case presented in the record.

The description of a thing intended to be conveyed may be so vague and indefinite as not to admit the aid of parol proof whose only office is to identify by fitting the descriptive words to the object described. It is a rule equally well established, that if the object is sufficiently identified by the terms used, a false mention of some particulars not producing obscurity as to the intention of the parties will not defeat the operation of the instrument, upon the maxim "*falsa demonstratio non nocet, cum de corpore constat.*" 1 Greenl. Ev., § 301.

I. We do not understand the words "now on said plantation" as applying to the steam mill previously mentioned, but as confined to the " horses " then on the premises and used in cultivating the land. This construction is required by the ascertained fact that *this mill* was not then on the Penny Hill plantation, but several miles distant, while the small engine employed in ginning and shelling, and mentioned without regard to locality, was then upon the land and used in farming operations. The mortgagor owned and obviously meant to convey both engines and it cannot be supposed that he intended to attach to either a known false description to defeat his own deed.

II. The large engine was movable and has been worked at three different places, and the synonymous prefix, portable, would not be improperly applied to it.

III. The presence of the mortgagor at the first proposed sale when the engine was offered as the property of the plaintiffs, and the assent implied from silence, although not

an estoppel as it might have been in favor of an innocent purchaser, is an indirect admission that by his deed the title had passed to the plaintiffs, and in confirmation of a construction giving it that effect.

IV. The identity of an assigned article of property and the means of ascertaining it are largely dependent upon extrinsic proofs, of the force and sufficiency of which the jury must judge, and the submission of this inquiry to them is in accordance with the ruling in *Bryan* v. *Faucett,* 65 N. C., 650. How otherwise could it be determined which of many goods falling within the description was intended to be conveyed? A horse, a buggy or a cow is sold, how can the article be separated from many others of the same class, except by the aid of parol testimony? The generality of the description, in many cases unavoidable, is latent ambiguity, discoverable when the object is sought and removable by outside evidence of intent. Wigram on Wills—*Proposition* VII.

The same observation may be applied to the criticism upon the obscurity and uncertainty in the complaint. "It has never been customary," says RODMAN, J., "in actions for the recovery of specific goods, to give any more than a general description, although a plaintiff may do so if he chooses, at the risk of a variance." *Johnson* v. *Nevill,* 65 N. C., 677.

We think His Honor did not refuse a direct and distinct response to the prayer for instructions. He peremptorily declined to rule that the deed was too vague in terms to admit the aid of any evidence, and left to the jury to fit the description to its object and identify the article intended to be conveyed. In this there is no error. The judgment must therefore be affirmed, and it is so ordered.

No error. Affirmed.