HENRY DUNKART v. WILLIAM W. RINEHEART and others.

*Contract, description in—Parol Proof of identity of property conveyed.*

1. A contract, wherein the vendor agrees to sell to the vendee, "any of my black walnut trees, not exceeding fifteen in number, that will girth eight feet six inches in circumference and under ten feet, at two dollars each; and all trees measuring ten feet in circumference and upwards, at two dollars and a half each," giving the right of way across the vendor's land to fell and remove the timber, is sufficiently definite to admit parol proof of the property sold.

2. Where the plaintiff vendee brought an action for specific performance against the vendor and those to whom he subsequently contracted to convey the land whereon the trees were standing, *it was held* competent to inquire whether the vendor had a tract of land on which such trees were to be found; and if he had, the identity of the trees could be ascertained by the terms of description in the contract.

3. *Held further:* If there were more than fifteen such trees on the land, the contract was ineffectual to pass title to any, on account of the uncertainty as to which trees were meant. But in this case, the proof that there were not fifteen trees on the land which answered the description in the contract, removes such uncertainty and establishes the title in the vendee.

(*Farmer* v. *Batts,* 86 N. C., 387; *Young* v. *Griffith,* 84 N. C., 715; *Thornburg* v. *Masten,* 88 N. C., 293; *Breaid* v. *Munger, Ib.,* 297; *Radford* v. *Edwards, Ib.,* 347; *Blakely* v. *Patrick,* 67 N. C., 40; *Mizzell* v. *Burnett,* 4 Jones, 249; *Green* v. *Railroad,* 73 N. C., 524, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of HAYWOOD Superior Court, before *Avery, J.*

The plaintiff appealed.

*Mr. G. H. Smathers*, for plaintiff.
No counsel for defendant.

SMITH, C. J.   The plaintiff, in the statement of his cause of action, alleges that the defendant Rineheart entered into a written contract with him, for the sale of black walnut trees, in the following form :

"WAYNESVILLE, N. C., February 23, 1881.

"I, William Rineheart, of Waynesville, N. C., agree to sell unto Henry Dunkart, of Asheville, N. C., any of my black walnut trees, not exceeding fifteen in number, that will girth eight feet six inches in circumference, and under ten feet, at $2 each, and all trees measuring ten feet in circumference and upwards at $2.50 each.   I also agree to give the necessary right of way through my land to get said timber to public road.

"Received on account of above contract, sixteen dollars.

W. W. RINEHEART."

That Rineheart subsequently contracted to sell the land, whereon the said trees were standing, to one Boyd, and executed a bond to make title when the purchase money was paid, and the interest acquired by him has since been assigned to the defendant McCracken, each of whom, before the sale to Boyd, were informed by the vendor of his contract with the plaintiff and his precedent right to the trees specified therein ;

That the defendant Herren claims the said timber by virtue of a purchase from his co-defendant McCracken ;

That the defendants McCracken and Herren have entered into possession of the land and are cutting down the walnut trees and threaten to fell and remove all of them, including as well those mentioned in the plaintiff's contract.

The prayer is for specific performance in permitting plaintiff to remove his trees—for damages in the sum of five hundred dollars—for an injunction against interfering with the plaintiff's trees and his possessing himself of them, and for general relief.

The defendants McCracken and Herren alone answer, con-

troverting most of the plaintiff's allegations, and asserting that no reservations are contained in the title bond or in the assignment of the interest of the obligee, and that the plaintiff's contract was not registered when the land was sold to Boyd.

It is unnecessary to set out the specific averments in the answer, for reasons that will hereafter appear.

No distinct issues were submitted to the jury, and the trial proceeded upon the idea that the plaintiff must show his right of recovery as under a general denial, according to the former practice. We pause here to remark that this is not the method of procedure established under C. C. P., and in contravention of a rule adopted by this court at June term, 1871, in reference to jury trials in the superior court. 4 Bat. Dig., 433.

Upon the trial the plaintiff offered to show by oral testimony that the defendant Rinehcart had but one tract of land upon which walnut trees of the dimensions specified were growing at the date of his purchase, and this was the same described in the title bond of McCracken, and that upon it there were growing, when the plaintiff bought, not more than ten trees of the required size, and these were of great value.

To this evidence the defendants objected, on the ground that the descriptive words used in the contract to designate the subject of sale were too indefinite to be aided by parol, and, as to the defendants McCracken and Herren, the contract in its terms was too vague to put them on notice. The testimony proposed was ruled out, and the plaintiff excepted.

The defendants further insisted that the complaint did not state facts sufficient to constitute a cause of action against those defendants.

The court intimated the opinion that proof of all the allegations in the complaint, subject to the previous ruling as to admissibility, would not entitle the plaintiff to judgment for specific performance, nor to a recovery of damages from McCracken and Herren, though it might admit a claim for damages against the defendant who undertook to make the sale. In submission to

the opinion expressed, the plaintiff suffered a nonsuit and appealed.

We do not concur in the view of the court that the subject matter of the agreement is not sufficiently defined to admit of being ascertained by extrinsic proof. On the contrary, there are marks in the instrument by which the trees are capable of being found and identified. They are described as belonging to the seller "any of my black walnut trees" not below a given size and limited in number, and license is given to the plaintiff to pass over land of the former, ".through my land to get said timber to public road."

The owner thus ˙assumes to dispose of a limited number of trees of a particular kind then growing upon his land, with free access to them for the purpose of felling and removal.

It was certainly competent, then, to inquire whether Rineheart had a tract of land upon which such trees were to be found, the conveyance of which to the public road would be over his land; and if there were but one tract owned by him which fully met these requirements, the identity of the trees could be clearly ascertained by the terms in which they are described. Precisely this the plaintiff proposed to prove and was not allowed. The evidence was not to aid an intrinsic imperfection in the writing, for this is clearly inadmissible, but to find the trees by means of the description contained in it; in other words, " to fit the description to the thing described," and this is the proper office of parol proof. This subject has been carefully considered heretofore, and with a reference to some adjudged cases we refrain from a further discussion. *Farmer* v. *Batts*, 82 N. C., 387; *Young* v. *Griffith*, 84 N. C., 715; *Thornburg* v. *Masten*, 88 N. C., 293; *Braid* v. *Munger*, *Ib.*, 297; *Radford* v. *Edwards*, *Ib.*, 347.

If the evidence showed that there were more than fifteen such trees on the land, as, until the number was fixed upon to which the contract was to apply, the uncertainty as to which specific trees out of the larger number were meant, would prove fatal to the plaintiff's claim to any, according to the decision in *Blakely* v. *Patrick*, 67 N. C., 40.

But this difficulty is put out of the way by the fact proposed to be shown that there were not fifteen trees upon the land at the date of the contract that answered to the description; if so, all were embraced in its terms.

Rinehcart makes no defence to the plaintiff's claim to the trees because the purchase money may not have been paid, and any objection of this kind, if available to any one, can only come from him.

We are disposed to think that the property in the trees passed under the contract, and that the intent and understanding of the parties that it should so operate appear upon its face.   It is true an executory contract for the sale of growing trees is within the purview of the statute of frauds, *Mizzell* v. *Burnett*, 4 Jones, 249, and it has been held that an executed contract of sale of such, in *contemplation of their removal and conversion into person-alty,* need not be evidenced by a written memorial, *Green* v. *Railroad,* 73 N. C., 524, and the present instrument ought to be equally effectual in transferring the title.   But be this as it may, the value of the trees and the money paid for their removal or destruction certainly belong to the plaintiff; and he being the party in interest, it would seem, as such, can in his own name sue the wrong-doer for compensation in damages.

There was error in the ruling, and the nonsuit must be set aside and a new trial ordered.   Let this be certified.

Error.                                                                    *Venire de novo.*