W. J. HARRIS et al. v. THOMAS WOODARD.

*Chattel Mortgage—Evidence—Notice—Conditional Sale.*

1. Where the property conveyed in a mortgage was described as " one bay mule," when in fact it was a black mule, the property in the black mule will pass, if it is admitted or proved that the mule in controversy was the one really intended to be covered by the mortgage.

2. Whenever it becomes nesessary to identify the property conveyed in a mortgage from property of a similar kind, or to show what was intended to be conveyed, parol evidence is admissible.

3. Where the title to property is retained until the purchase money is paid, no title to the property passes, although the description of the chattel in the instrument containing the agreement for the conditional sale is wrong.

4. Where a party sold a mule, and retained title until the purchase money was paid, and afterwards took a mortgage on the same mule, and both in the sale note which recited that the title was retained, and in the mortgage, the mule was incorrectly described as a bay mule, when in fact it was a black one, and the mortgagor afterwards sold the mule, which was purchased from his vendee by the defendant; *It was held,* that the defendant, although acting in good faith, and in ignorance of the fact that it did not belong to his vendor, got no title.

(*Hall* v. *Younts,* 87 N. C., 291; *Goff* v. *Pope,* 83 N. C., 127; cited and approved).

This was a CIVIL ACTION, tried before *Philips, Judge,* at Spring Term, 1886, of WILSON Superior Court.

The plaintiff alleged that on the 23d of February, 1880, one B. H. Tyson contracted to sell to one Silas Lassiter a certain mule, for which Lassiter executed a note, of which the following is a copy:

"Nine months after date, I promise to pay to the order of B. H. Tyson, the sum of $115, with interest at 8 per cent., for one bay mule; said mule to be its security, the title of

said mule to remain in said Tyson until said purchase money is paid.   February 23d, 1880.

(Signed)      SILAS LASSITER, [Seal.]

Thereupon, Lassiter took possession of the mule, and immediately thereafter Tyson transferred the note to the plaintiff for value, and no part of it has been paid.   That some time in October, 1883, one Pharaoh Lassiter sold the mule to the defendant, without the knowledge and consent of the plaintiff, and that there has been a demand and refusal.   So much of the answer as is material, denies the allegations of the complaint, but admits the purchase of a mule from Lassiter, which he says is a *black* mule, but that "it is not the absolute, qualified or partial property of the plaintiff."   The case was referred to A. G. Brooks, who reported the facts as follows :

"1.  On February 23, 1880, B. H. Tyson made a conditional sale to Silas Lassiter of a dark bay mule, (taking the paper writing set out above).

" 2.  Thereafter, Tyson transferred the said note for value to the plaintiff in this action.

" 3.  Subsequently to said transfer, the note being still unpaid, the plaintiff took from Silas Lassiter and his son Pharaoh, (who then, and during the period covered by the hereinafter recited facts, was living and farming with his father), a mortgage for existing indebtedness and to secure payment for agricultural supplies, on crops raised by them on the plaintiff's land, and on other personal property, including the mule aforesaid, and therein described as a bay horse mule; which mortgage was shortly afterwards, and prior to the purchase by the defendant, duly recorded in Wilson county, wherein all said parties resided and all said property was situate ; that the indebtedness described in the mortgage did not include the note given for the purchase money of said mule.

"4. Said mule was incorrectly described, both in said note and said mortgage; in that, whereas said mule was in fact a black mule, it was described as a bay mule.

"5. About the fall of 1883, and after the registration of the mortgage, the defendant, being ignorant in point of fact of the existence of said mortgage or of the plaintiff's claim to the mule, gave to said Pharaoh Lassiter, (then in the actual possession of the mule), in exchange therefor, a certain horse and $30 in money, and took the mule into his possession as his property, honestly believing that said Pharaoh was the owner of the mule and had full power to convey a good and unencumbered title to the same.

"6. After said exchange, the said Pharaoh carried the horse to his home; where he and his father, Silas Lassiter, lived; and said Silas, being fully apprised of the exchange, suffered the horse to be kept and used on his farm until the animal's death, without any offer or attempt to return it to the defendant.

"7. The plaintiff, on being informed of said exchange several days after its consummation, demanded the mule of the defendant, expressly basing his claim upon the said mortgage; and, upon defendant's refusal to rescind said trade, began proceedings in claim and delivery auxiliary to this action, in which he again asserted his title to be that of mortgagee, first asserting a title under said conditional sale upon the trial before the referee.

"8. After said exchange, the defendant, honestly believing himself to be the legal owner of the mule, disposed of the same to third parties, by whom successive trades have been made, so that the mule cannot now be found and produced to abide the result of this action.

"9. The value of the mule is $125, and the annual value of its use and services is $25.

"10. The mule which defendant received in exchange from Pharaoh Lassiter was a black mule and not a bay mule."

By an amendment in the cause, Tyson was made a party plaintiff. Upon these facts, the referee, who had evidently given the matter an intelligent consideration, decided as a conclusion of law, that the plaintiff was not entitled to recover, because: 1st. The incorrect description of the color of the mule in the mortgage to the plaintiff, prevented its conveying or imparting to the defendant constructive notice of plaintiff's title; 2d. The taking of the mortgage superseded, as to third parties, including the defendant, the plaintiff's claim under the conditional sale; 3d. The plaintiff having based his present action on his claim as mortgagee, cannot succeed in his claim as holder of the note of Tyson; 4th. The action of Silas Lassiter, in retaining the horse on his farm, was a ratification of the exchange made by his son, and made the defendant a purchaser of the mule from the mortgagor. The Court overruled the referee's conclusions of law, and gave judgment for the plaintiff, from which the defendant appealed.

*Mr. F. A. Woodard,* for the plaintiffs.
*Mr. Hugh F. Murray,* for the defendant.

DAVIS, J., (after stating the facts). It is conceded that the mule described in the note and in the mortgage is the mule claimed by the defendant, and the subject of this action. The question presented is: Did the plaintiff, whether claiming as mortgagee, or as the equitable owner of the legal title, retained by the legal vendor, (which passed to him with the assignment of the note,) lose his right to have the mule subjected to the payment of his debt, by reason of the misdescription, or incorrect description, contained both in the note and in the mortgage?

The answer is not free from difficulty, but after careful consideration, we are of opinion that he does not. In *Hall.* v. *Younts,* 87 N. C., 291, the horse sued for was described as

"a dark chestnut horse," and in the mortgage as "a black horse," and when it was proposed to put the mortgage in evidence, it was objected to because of this discrepancy in the description, and the Judge was requested to charge the jury, that there was no evidence that the horse sued for was the one conveyed in the mortgage. The Court held differently, and admitted the mortgage. The identity of the horse was a question of fact for the jury, and as it was admitted in that case that the horse mentioned in the complaint was the same as that mentioned in the mortgage, (though described differently,) the evidence in regard to the identity was needless. Whenever it becomes necessary to identify the property conveyed in a mortgage from property of a similar kind, or to show what was intended to be conveyed, extrinsic and parol evidence is admissible. Herman on Chat. Mort., §39. In *Goff* v. *Pope*, 83 N. C., 127, the Chief Justice said: "The identity of an assigned article of property, and the means of ascertaining it, are largely dependent upon extrinsic proofs, of the force and sufficiency of which the jury must judge." The intention of the parties will not be defeated by a false description of the thing conveyed. In this case, the mule, though incorrectly described both in the note and the mortgage, is the identical mule, as the fact is found, claimed by the defendant.

Under the conditional sale, the title to the mule did not pass to Silas Lassiter until he had paid for it, and the description contained in the note, whether accurate or inaccurate, could not mislead him, or protect any one claiming under him, nor could the misdescription contained in the mortgage protect him, for he purchased of Pharaoh Lassiter, who had no title at all. It becomes immaterial in this case, to consider whether the plaintiff is entitled to recover on his mortgage or on his equitable title acquired by the assignment of the note by Tyson.

As against Lassiter, or any one claiming under him, his title is good, whether by the one way or the other. It was the defendant's misfortune to purchase from one who had no title, and the well known maxim, *caveat emptor*, applies, and this disposes of the 1st, 2d and 3d ground upon which the defendant based his right to hold the mule.

But 4th, Pharaoh Lassiter exchanged the mule with the defendant for a horse, which he carried home, and "Silas Lassiter, having fully approved of the exchange, suffered the horse to be kept and used on his farm until the animal's death, without any offer or attempt to return it to the defendant," and the defendant insists that this "was a ratification of the exchange effected by his son, and made him a purchaser of the mule for value, of the mortgagor." The son had no title and the father had none, and the ratification by the latter of the worthless title of the former added nothing to its value. The plaintiff never ratified it, but "on being informed of the exchange several days after its consummation, demanded the mule," and on refusal, instituted this action.

The judgment of the Court below was for the plaintiff, and this is affirmed. Let this be certified.

No error.                                        Affirmed.