J. E. R. CARPENTER and W. J. EMBRY v. LEBO MEDFORD et al.

*Description in Deed—Sale of Trees—Statute of Frauds—Parol Evidence—Contract.*

1. While standing trees so far partake of the realty that a contract for their sale is within the Statute of Frauds, if the contract is in contemplation of their severance from the land, whereby they would become personalty, the rules in respect to identity of personal property become applicable.

2. The sale of a portion of a larger number of articles of personal property, not identified upon the face of the contract, is valid, if at the time they are separated and understood by the parties.

3. By a contract in writing, and duly registered, the vendor sold "nine walnut trees on my premises, on the waters of Pigeon River, Haywood County (Township No. 4), N. C." At the time of the sale the trees were selected, measured and marked, but were not identified in the contract; *Held,* that parol evidence was competent to identify them, and if identified, the title passed under the sale.

This was a CIVIL ACTION, tried before *Graves, J.*, at Spring Term, 1887, of HAYWOOD Superior Court.

One W. L. Massey, being the owner of the tract of land whereof the boundaries are given in the complaint, as well as its location in Haywood County, entered into the following contract:

"Received of Carpenter, Rhodes & Co., by J. F. Waddell, $45, for nine walnut trees on my premises, on the waters of Pigeon River, Haywood County (Township No. 4), N. C.  I hereby give the said Carpenter, Rhodes & Co. permission to haul the logs through my premises when they want to move them.  This 27th day of August, 1881.

W. L. MASSEY, (Seal.)

Privilege to deaden said timber if I want to clear said ground."

The instrument was duly proved and registered on the 21st day of December of the same year.  On January 2d, 1882, the land on which the trees were standing was sold, and by deed, executed by Massey and wife, conveyed to the defendant Lebo Medford, without reservation, and their deed, after being proved, was registered on Dec. 31, 1885.

The firm of Carpenter, Rhodes & Co. consisted of J. E. R. Carpenter and W. J. Embry, who bring the action, in their own names, against the defendants for cutting the trees claimed by them, under the contract of sale of the said Massey to them.  There was evidence of the cutting down and removal of several of the walnut trees by the defendant John Terrell, acting under the authority of the defendant Medford, who undertook to dispose of them to the other.

The testimony of the witnesses, offered by the plaintiffs, was to this effect:

W. L. Massey swore that before executing the writing of August 27, 1881, himself and J. F. Waddell, agent of the

purchasers, went on the land, and he selected, measured, priced and marked the trees, making a cross-mark with his knife upon each; that they then went to the house, where the agent paid the price agreed on for the trees, nine of which only could be found after search, of the required dimensions, to-wit: of a circumference of not less than six feet; that when the land was sold to Medford, witness communicated to him the fact of the sale of the nine trees, marked and branded, and pointed out two of them; that some of the removed trees bore a cross mark, and were those selected and marked by himself and Waddell.

There was other testimony in corroboration, and again, in opposition to the statement, that any of the trees removed and converted to defendants' use bore marks of identification; and the defendant Terrell swore that they had no knowledge of the previous sale to plaintiffs or to any other person.

The plaintiffs' counsel asked an instruction, in writing, to the effect, that "if, at the time of making sale to the plaintiffs, the trees, referred to in the contract, were selected and branded, or marked, and the contract registered, and thereafter the defendants converted all, or some of them, the plaintiffs would be entitled to recover," meaning, as we suppose, to have an affirmative issue, as to the title to so many. This was refused, and the jury charged as follows:

" Trees growing on land are a part of the land, and are so much a part of the land, that any contract to convey them must be in writing, signed by the party to be charged therewith, or by some one authorized by the party to be charged. The written contract to convey land, or trees growing on land, must be sufficiently definite to point out the particular trees intended to be conveyed. The description is sufficiently definite, if it can be fitted to the particular trees by parol evidence. Now, in this case, the description, in the alleged contract set out in the plaintiffs' complaint, is such a descrip-

32

tion that may possibly be fitted by parol evidence. If Massey owned but one premises in Haywood County, on Pigeon river, in township No. 4, and there was, at the time of the contract, growing, or standing on that premises, nine walnut trees, and only nine walnut trees, then the description would be fitted to the description in the contract, and if such contract was duly proven, it would pass the title to the nine walnut trees. But if there were more than nine walnut trees on the premises of Massey, in Haywood County, on Pigeon river, in township No. 4, then the description could not be fitted to any particular nine trees out of a greater number, and the contract would be void, for uncertainty. And this would be so, although, before the contract was written, certain trees had been marked, for the contract does not describe the walnut trees as marked trees, and parol evidence cannot be heard to add to, or vary, the written agreement. The words used in contracts are usually to be taken in their ordinary signification, unless the words are used in a technical sense. The words *walnut trees* are used, and the jury are to judge from the evidence in what sense, or signification, they are used in this contract. If the evidence satisfies you that the words, walnut trees, were intended by both the parties to the contract to mean walnut trees of a particular size or kind, then if there were only nine walnut trees, of the kind described in the contract, the description would be sufficient, but if there were more than nine walnut trees, of the kind described in the contract, then the description cannot be fitted to any particular nine out of a greater number."

Plaintiffs excepted to the foregoing charge. Verdict and judgment for defendants. Appeal by plaintiffs.

*Mr. R. D. Gilmer* (*Mr. W. L. Norwood* filed a brief), for the plaintiffs.

*Mr. W. W. Jones*, for the defendants.

SMITH, C. J., (after stating the case). The controversy is thus narrowed to a single proposition, involving the competency of the evidence to identify the trees, as the subject-matter of the contract, and give it efficiency as an instrument conveying title to the plaintiffs. It was in form and effect a deed, with all the requirements necessary in passing title, and if the imperfect designation of the trees, upon which it is to operate, can be aided by parol proof, they are ascertained.

Although so partaking of the realty as to come under the statute of frauds, as held in *Mizell* v. *Burnett*, 4 Jones, 249, and other cases, the contract is in contemplation of a severance of the trees from the land; whereby they would become personalty, and the same rule in respect to certainty of description be applicable.

It is very clear that the selection and marking of the trees, accompanying the sale, separates and distinguishes the subject-matter of the contract from all other trees of the same kind upon the premises, so as to transfer the property therein.

In *Dunkart* v. *Rineheart*, 89 N. C., 354, it was decided, that "any of my black walnut trees, not exceeding 15 in number, that will girth 8 feet 6 inches in circumference, and under 10 feet," there being less than that number on the land, was a sufficient description, with the aid of parol evidence, while it would have been otherwise, if there had been more such trees of the required size.

The cases cited in the brief of appellants' counsel, and other references, sustain the general proposition, that a sale of part of a larger number of articles of personal property, not distinguishable upon the face of the contract, will be operative to pass title, if, at the time, they are separated, and understood by the parties. *Goff* v. *Pope*, 83 N. C., 123; *Harris* v. *Woodard*, 96 N. C., 232; 1 Greenl. Ev., Secs. 287 and 288. The author last mentioned lays down the general doctrine in these words: " If the language of the instrument is

applicable to several persons, to several parcels of land, to several species of goods," &c., parol evidence is admissible of *any extrinsic circumstances* tending to show what person or persons, or *what things* were intended by the party, or to ascertain his meaning in any other respect," &c. The language is, of course, not intended to apply to an indefinite description that fits no property, but where its uncertainty arises from the fact that it fits more than one article of property—and there it is admitted to show which was meant. *Richards* v. *Schlegelmich*, 65 N. C., 150. But the ruling in *Blakeley* v. *Patrick*, 67 N. C., 40, followed in *Spivey* v. *Grant*, 96 N. C., 214, is directly and decisively in point. The deed in trust in this case purported to convey ten new buggies out of a larger number on hand, and upon the question of title, PEARSON, C. J., near the close of the opinion, sums up thus: " To vest the title or ownership in any particular buggies, it was necessary *to set them apart*, so as to make a constructive delivery, and effect an executed contract; in the absence of such identification, the agreement, as we have seen, was executory only." Now, the trees were designated, after examination, by marks of identification, the only way in which it could be done.

There is error in the ruling, and the judgment is reversed, in order to a new trial.

Error.