R. F. MORRIS v. F. M. CONNOR.

*Deed, Description in— Evidence— Contract.*

1. The rule in reference to the certainty of the description of personal property in a deed, and admissibility of parol evidence to support it, is less rigid than that which prevails with respect to real property.

2. In conveyances of personal property, although the description may not be such as to distinguish it from other similar articles or point to evidence *aliunde* by which it might be identified, the instrument will not be void if supported by parol testimony sufficient to satisfy the jury that the property was separated in fact at the time of the contract so that the parties understood what it was, and were able to identify it.

This was an action of claim and delivery, tried at November Term, 1890, of the Superior Court of HARNETT County, *Boykin, J.,* presiding.

The plaintiff R. F. Morris was introduced as a witness, and testified that he was a printer, and sold to J. J. Stone a printing outfit, for the payment of the purchase-money of which a mortgage was given.

A chattel mortgage in the usual form and properly proven and registered was offered in evidence, and defendant objected to its admission.

The property conveyed was described in said mortgage as follows:

"1 Washington Hand Press, 2 Imposing Stones and stands, 4 cases of Long Primer type, 1 case of Brevier type, 1 case of Nonpariel type, 2 Stands and Cases, 1 pair Chases, Rules, Slugs, Leads, display type and other articles of printing outfit, this day purchased from said R. F. Morris."

Witness testified further, as follows:

"Washington Hand Presses are made by different firms, and are of different numbers and of different sizes. Impos-

108—21

ing stones and stands are of different sizes and of different colored stone. Primer type is of different nicks; stands are differently constructed by different manufacturers, and are of different sizes. Chases are of different sizes, ordered according to number of columns of press. Rules, slugs, leads, &c., are sold by the pound, and of different parts and sizes."

The subsequent ruling of the Court is stated in the case on appeal as follows: "Mortgage from Joseph J. Stone to R. F. Morris offered and objected to by defendant. Objection sustained, and plaintiff excepts. Plaintiff takes nonsuit, and appeals."

*Mr. N. Y. Gulley,* for plaintiff.
No counsel for defendant

AVERY, J.: We can draw no other inference from the unsatisfactory statement of the case on appeal than that his Honor below excluded the chattel mortgage because the description of the property conveyed was upon its face too vague. While it seems that the Court heard testimony, it was not directed to the identification of the articles mentioned in the mortgage, and the Judge subsequently stated in explicit terms that the objection sustained was to the competency of the mortgage, and not to the sufficiency of the evidence offered to be submitted to the jury upon the question of its separation from other similar property and consequent complete identification.

Although articles of personal property may not be described in a conveyance or an executory contract for sale in such terms as to identify and distinguish them from other similar property, and the descriptive words used may not point to evidence *aliunde* by which they can be identified, the contract or conveyance will not be declared void upon its face, but will be enforced if parol testimony, sufficient to satisfy the jury, that the property was in fact separated at the time

when the contract or conveyance was executed, so that the contracting parties mutually understood what it was and clearly identified it. *Carpenter* v. *Medford*, 99 N. C., 495; *Dunkart* v. *Rhinehart*, 89 N. C., 354; *Harris* v. *Woodward*, 96 N. C., 232; *Goff* v. *Pope*, 83 N. C., 123.

The Courts have drawn a distinction between deeds and contracts relating to realty and those that affect personalty. The rule in reference to the description of personal property in written contracts or bills of sale is less rigid than those applicable to any interest in land falling within the inhibition of the statute of frauds, because all agreements for the sale of personalty can be proven by oral testimony. *Carpenter* v. *Medford* and *Dunkart* v. *Rhinehart*, *supra*. In *Blow* v. *Vaughan*, 105 N. C., 204, one of the reasons for requiring nicety in the identification of land conveyed by deed, was stated as follows:

" The rule that the descriptive words in the deed, with the aid of evidence *aliunde* to which they point, must, in order to establish the validity, identify the boundaries of the land conveyed, has been sanctioned by this Court, not only upon the idea that there must be a certain subject-matter in the deed, but because its observance is essential to the proper enforcement of the statute of frauds. The evasion is as palpable and dangerous a violation of the statute, when it is accomplished by amending a void contract, as when the entire contract is proven by parol evidence."

The mortgage was competent upon its face, and after being admitted, if, in fact, the plaintiff failed to offer any testimony tending to show that, at the time when it was executed, the contracting parties identified and mutually agreed as to the particular property that passed by it, then it was the province of the Court to so instruct the jury. But if such was the ruling of his Honor, it does not so appear from the statement of the case.

There is error, for which a new trial must be granted.