J. D. PITTS v. JOHN CURTIS ET ALS.

(Filed 25 May, 1910.)

1. Deeds and Conveyances—Timber—Description Indefinite—Voidable—Identification.

A conveyance of "all my pine, oak and poplar timber that J. D. P. may want for lumber," of a certain measure across the stump, is an insufficient description to pass the title, and will not support an action brought by the grantee for damages for the cutting of such timber, in the absence of evidence tending to show that at the time of the conveyance the grantor and grantee in the deed had marked or otherwise sufficiently identified the timber trees for the cutting of which the damages are sought.

2. Deeds and Conveyances—Timber—Description—Lands.

Growing timber is a part of the realty, and deeds and contracts concerning it are governed by the laws applicable to that kind of property.

APPEAL from *Councill, J.,* at January Term, 1910, of Mc-DOWELL.

Civil action to recover damages for the cutting and removal of timber claimed by the plaintiff. These issues were submitted:

1. Is the plaintiff the owner of the timber trees sued for, as alleged? Answer: Yes (by court).

2. What damage has plaintiff sustained by reason of the defendants' cutting and removing said timber trees? Answer: $1,333.

From the judgment rendered, the defendants appeal.

*Pless & Winborne* for plaintiff.
·*J. F. Spainhour, Hudgins, Watson & Johnston* and *W. T. Morgan* for defendants.

BROWN, J. Plaintiff claims title under a deed dated 15 January, 1901, executed by S. C. McNeely to plaintiff, purporting to convey the timber alleged to have been wrongfully cut and removed by defendant Curtis. The descriptive part of this conveyance is as follows:

"I, S. C. McNeely, of the first part, do this day sell and convey to the party of the second part all my pine, oak and poplar timber that the said J. D. Pitts may want for lumber, that will measure 16 inches across stump and upward, at 40 cents per tree; all under that size that said Pitts may want, at 30 cents per tree."

Defendant Curtis claims under a deed executed by S. C. McNeely to his wife Mary, dated 23 October, 1897, and recorded

29 August, 1904, fully and particularly describing and convey-ing the lands (three tracts) upon which the timber in contro-versy was growing. On — October, 1909, Mary McNeely and her husband conveyed the timber upon these lands to defendant by deed fully describing the lands and timber and referring specifically to the above-named deed to the wife.

Assuming, for the sake of argument, that the deed to plain-tiff is not absolutely void for indefiniteness and insufficiency of description, there is no evidence in the record which identi-fies the timber upon which the instrument could operate. It does not undertake to convey all of grantor's timber, but only such portion of it as the grantee may want for lumber. Even if the instrument is not wholly void, it could only be made effective by evidence that at the time of its execution, and ac-companying the act of selling, the parties entered upon the grantor's land, selected and plainly marked the trees which the grantee then and there selected.

The precedents sustain the general proposition that a sale of part of a larger number of articles of property, not distin-guishable upon the face of the contract, will be operative to pass title if at the time they are separated and understood by the parties. *Goff v. Pope,* 83 N. C., 123; *Harris v. Woodard,* 96 N. C., 232; 1 Greenleaf Ev., secs. 287-288.

Professor Greenleaf lays down the general doctrine in these words: "If the language of the instrument is applicable to sev-eral persons, to several tracts of land, to several species of goods, parol evidence is admissible of any extrinsic circumstances tend-ing to show what person or persons or what things were in-tended by the party or to ascertain his meaning in any other respect." This language, of course, is not intended to apply to an indefinite and uncertain description that fits no property, but where its uncertainty arises from the fact that it fits more than one article of property, and there such evidence is ad-mitted to show what is meant.

In respect to personal property, *Chief Justice Pearson* states the rule in the "buggy case," *Blakely v. Patrick,* 67 N. C., 40, wherein he says: "To vest the title and ownership in any par-ticular buggies, it was necessary to set them apart, so as to make a constructive delivery and effect an executed contract; in the absence of such identification, the agreement, as we have seen, was executory only."

The case is cited, approved, and the same principle applied by *Chief Justice Smith* in *Carpenter v. Medford,* 99 N. C., 499, to the sale of timber trees, wherein he says: "It is very clear that the selection and marking of the trees accompanying the

sale separates and distinguishes the subject-matter of the contract from all other trees of the same kind upon the premises, so as to transfer the property therein. The trees were designated, after examination, by marks of identification, the only way in which it could be done."

We have in recent years settled upon and adhered to the theory that growing timber is a part of the realty, and deeds and contracts concerning it are governed by the laws applicable to that kind of property. *Hawkins v. Lumber Co.,* 138 N. C., 160. It may be, as contended by defendants, that upon that principle the deed to plaintiff is absolutely void for uncertainty of description as to the "thing granted"; but it is unnecessary to pass on that contention, as the only evidence that could possibly help out the conveyance is entirely lacking.

Therefore, his Honor should have sustained the motion to nonsuit.

Reversed and dismissed.