## MORTGAGED PROPERTY ASSETS IN THE HANDS OF THE ASSIGNEE OF THE MORTGAGOR.

Probate Court of Columbiana County.

In the Matter of the Assignment of Louis H. Rice.

Decided, December, 1914.

*Chattel Mortgages—Assignments—Right of Assignee to Administer Mortgaged Property—Description of Property in Mortgage—Construction—Sufficiency.*

1. Where a mortgagor of personal property makes an assignment for the benefit of his creditors and the mortgaged property passes into the possession of the assignee, such mortgaged property becomes assets in the hands of the assignee to be administered by him and the interest or claim of the mortgagee is transferred and attaches to the fund arising from the sale of such property.

2. The description of property in a chattel mortgage is to be liberally construed because of the diverse and varied character of property usually sought to be covered, and the attendant difficulty in obtaining a full or exact description.

3 Parol evidence is admissible to explain or aid the description in a mortgage of chattels and to identify the property mentioned in such description.

4. A description in a chattel mortgage which mentions "all stock in trade" and "stock mdse. on hand" located at a certain number, street and city, is good at the time of execution, but in a continuing business, is later void for uncertainty and because such stock of merchandise would be changing during the course of business and a mortgage of chattels does not and can not create a lien on property, in no way mentioned in the description and not on after-acquired property without express provision to that effect.

5. A description in a chattel mortgage may refer to and be aided by a schedule of property sought to be covered by such mortgage, but to be effective as a part of the description must be attached to such mortgage and marked as an exhibit. If not so attached and marked, but reference is made, then such schedule of property is only a means of identification suggested by the description.

6. A description in a chattel mortgage which states, "All the stock in trade, fixtures and property sold to the said Louis H. Rice by Claud Taylor June 24th, 1912, and being situate in Room Number 64 East Main street, Salem, Ohio, covering: show cases,

stock, mdse. on hand and every bakery tool and article used by me now in my bakery and confectionery business, whether mentioned or not. The two bay colts, the bay mare, three wagons, and one buggy and double set harness, two single sets harness—the horse are the same, in fact the property covered by this mortgage is all the property this day sold to Louis H. Rice by Claud Taylor and for a further description see Bill of Sale from Claud Taylor to said Louis H. Rice of even date herewith. It is understood that the soda fountain and accessories are covered by this mortgage and the horses are at Noling's Livery and at Grantee's barn," does not render such mortgage invalid for insufficiency of description except as to "all the stock in trade" and "stock mdse. on hand;" the remainder of said description being sufficiently definite and said mortgage valid as to all of the residue of said property sought to be covered.

*Boone & Campbell*, for plaintiff.

*K. L. Cobourn*, for the assignee.

FARR, J.

On the 24th day of June, 1912, one Claud Taylor sold to Louis H. Rice his bakery, including all stock in trade, fixtures and property at No. 64 East Main street, Salem, this county, for the sum of $4,900, and to secure the payment of $3,000 of said purchase price, the said Rice, on said date, executed to said Taylor six promissory notes calling for $500 each, with interest at 6%, and concurrently therewith executed and delivered with said notes, a chattel mortgage to secure the payment of the same, which mortgage was, on the ——— day of July, 1912, duly filed with the recorder of Columbiana county, and on the 26th day of October, 1914, said Rice filed a deed of assignment in this court to L. B. Harris, Esq., as assignee, transferring, among other things, all of the property claimed to be covered by said chattel mortgage.

On November 6th, 1914, said Claud Taylor, mortgagee, filed a petition in this court asking a temporary restraining order against said assignee to prevent the sale of said property until the rights of said mortgagee in and to the same could be determined and for such other relief as in law or equity he might be entitled to demand and receive. Said temporary order was granted and thereafter said cause was duly heard upon its merits.

The first issue raised is, that the mortgagee and not the assignee is entitled to the possession and control of the personal property claimed to be covered by said chattel mortgage; that is, that the assignee has no right or authority to administer upon any property covered by said chattel mortgage. The general rule is that the lien holder loses, by the assignment for creditors, no rights previously acquired and that he may foreclose at will regardless of the assignment and such is the holding in numerous jurisdictions; however, a different rule prevails in this state. In "Giauque's Manual for Assignees" at page 55e it is observed as follows:

"But it seems clear that at least the remedies of the holders of such liens in Ohio are subject to its assignment laws, and are so modified thereby that, at least in the case of mortgaged chattels *which come into the possession of the assignee,* the lien holder's interest in the assigned property subject to the lien *is transferred to the fund arising from the sale of the property by the assignee."*

The foregoing is fully sustained in principle in *Lindeman* v. *Ingham,* 36 O. S., 1, as follows:

"Where a mortgagor in possession of goods mortgaged, makes an assignment thereof for the benefit of his creditors, and the assignee proceeds in the probate court to administer the trust, in accordance with the statutes regulating such assignments, the mortgagee can not maintain an action against the assignee for converting the property to his own use. In such case, his interest in the property under the mortgage, where the assignee is clothed with authority to sell the goods, is transferred to the fund arising from the sale by the assignee. And it will make no difference that the condition in the mortgage was broken at the time of the assignment."

To the same effect it was held in the case of *Ingham* v. *Lindeman,* 37 O. S., 218, 220, in the first section of syllabus as follows:

"1. Under the act of 1859, 'regulating the mode of administering assignments in trust for the benefit of creditors; mortgaged chattels in possession of the assignor (mortgagor) pass to the assignee and become assets in his hands to be administered, notwithstanding the condition of the mortgage was broken be-

fore the assignment. . *Lindeman* v. *Ingham,* 36 Ohio St., 1, approved."

Likewise it was held in *Lingler* v. *Wesco,* 79 O. S., 241; *Sayler* v. *Simpson,* 45 O. S., 141; *In re Brocamp,* 2 C. C., 375.

The reasons for the foregoing are obvious. The property having passed into the possession of the assignee, he becomes the representative of both the assignor and the creditors, and for their benefit, must conserve the interests of the estate. To the creditors he must pay the debts and to the assignor the overplus from the sale of assets, if any, after the payment of such debts. If the creditor were permitted to reclaim the property from the assignee, it might involve the sacrifice of whatever equity the assignor might have in the property and also seriously embarrass and interfere with the proper administration of the estate. Moreover, Section 11115, General Code, which provides that the assignee shall convert the assets into money, is mandatory. It reads as follows:

"Sec. 11115.   The assignee, or trustee, shall proceed to convert the assets received by him into money, and to sell the real and personal property assigned, including stocks and such bonds, notes and other claims as are not due and which can not probably be collected within a reasonable time, at public auction, either for cash or upon such other terms as the court orders."

In view of all the foregoing it must be held that all the property covered by said mortgage must be administered by said assignee.

The second and last issue raised is, that the description of property in said mortgage is insufficient as to some parts thereof. Said description reads as follows:

"All the stock in trade, fixtures and property sold to the said Louis H. Rice by Claud Taylor June 24th, 1912, and being situate in Room number 64 East Main street, Salem, Ohio, covering show cases, stock, merchandise on hand and every bakery tool and article used by me now in my bakery and confectionary business whether mentioned or not. The two bay colts, the bay mare, three wagons, and one buggy and double set harness, two single sets harness—the horses are the same in fact the property covered by this mortgage is all the property this day sold to

Louis H. Rice by Claud Taylor and for a further description see bill of sale from Claud Taylor to said Louis H. Rice of even date herewith. It is understood that the soda fountain and accessories are covered by this mortgage and the horses are at Noling's livery and at Grantee's barn."

It will be observed that a liberal construction is to be given to descriptions of goods and property described in a chattel mortgage (*1 Schouler's Per. Prop.*, p. 538) ; and the rule is well founded in reason because parol evidence is, by the great weight of authority, admissible to show the identity of the property mortgaged. *Duke* v. *Strickland*, 43 Ind., 494, 498; *Dickey* v. *Waldo*, 23 L. R. A., 461, n.; *Chapin* v. *Crane*, 40 Me., 293; *Elder* v. *Miller*, 60 Me., 118; *Brooks* v. *Aldrich*, 17 N. H., 443; *Cummins* v. *Newton*, 10 Allen, 518; *Putman* v. *Cushing*, 10 Gray, 334; *Crosby* v. *Baker*, 6 Allen, 295; *Merril* v. *Keyes*, 14 Allen, 222; *Welch* v. *Sackett*, 12 Wis., 243; 23 L. R. A., 461, n.; 94 N. C., 104; 39 N. H., 557; *Jones on Chattel Mortgages*, Sections 53 and 64; *Harding* v. *Cobourn*, 12 Met. (Mass.), 333; *Winslow* v. *Merchants Ins. Co.*, 4 Met. (Mass.), 306; *Wiley* v. *Snyder*, 34 Mich., 60; *Goff* v. *Pape*, 83 N. C., 123; *Morse* v. *Pike*, 15 N. H., 529; *Burditt* v. *Hunt*, 25 Me., 419; *Wolfe* v. *Dorr*, 24 Me., 104; *Herman on Chattel Mortgages*, Section 39, p. 77 and numerous cases cited; 9 Am. Cent. Dig., Col. 2373, Section 102; 6 Cyc., 1034; 5 Ency. of L. (2d Ed.), 964.

The question is practically settled, however, in this jurisdiction in case of *Lawrence* v. *Evarts*, 7 O. S., 196, in which Swan, J., observes:

"The mortgagee may show by parol evidence, what articles were in and about the shop when the mortgage was made."

Therefore it follows that if a written instrument may be so aided by parol evidence, that such descriptions must be liberally construed. Moreover, such rule of construction is right because by reason of the diverse nature and character of much of the property usually covered by chattel mortgages, it is difficult and practically out of the question to obtain an exact or perfect description; therefore the necessity of parol evidence to aid such description and the equal propriety of a liberal construction is

readily apparent. As to the sufficiency of description in chattel mortgages, there has been a very wide range of discussion and almost innumerable decisions. Probably one of the shortest and best general rules is found in 9 Cent. Dig., Col. 2348, Section 87, as follows:

"A description of property in a chattel mortgage is sufficient which enables a third person, aided by inquiries which the instrument itself suggests, to identify the property."

The foregoing is sustained by a large number of cases, including that of *Lawrence* v. *Evarts*, 7 O. S., 194; *Burke* v. *Linkmeyer*, 32 C. C., 188; 13 C.C.(N.S.), 224. Also 6 Cyc., 1022, and numerous cases cited; 5 Ency. of L., 956; *Jones on Chattel Mortgages*, Section 54; *Herman on Chattel Mortgages*, Section 38, p. 73. The reason for the above rule is readily apparent. Because a chattel mortgage necessarily involves, as above stated, property of diverse and varied character, making an accurate or exact description difficult to obtain. "Aided by inquiries which the instrument itself suggests," is very broad and very liberal in terms and contemplates that no chattel mortgage shall fail for insufficiency of description, if parol evidence based upon inquiry suggested by the instrument, will preserve it.

The mortgage in question purports to create a lien upon all of the property sold and conveyed by the mortgagee to the mortgagor on June 24th, 1914, consisting of all stock in trade, bakery fixtures, tools, and machinery, horses, buggies and wagons, and confectionery equipment.

"All stock in trade" is first mentioned, also "stock in mdse." is included. Said stock in trade and merchandise then in the building where it states that said merchandise was located was undoubtedly within the lien of the mortgage at the date of the same, but the stock of merchandise is not now in said store or bakery; like all other similar stocks it was constantly changing; it was somewhat different in the next week and there was still greater difference in the next month; and, as time passed, doubtless a large part of the old stock had been replaced by newer and different goods and this peculiar character of merchandise changes even more rapidly than other kinds or classes. In fact,

it is difficult to effectuate a valid lien upon merchandise of any character without either a transfer of possession or very careful wording of description and the making of certain necessary provisions in relation thereto (*Jones on Chattel Mortgages,* Section 71; *Sharpe* v. *Pearce,* 74 N. C., 60). It was held in the well considered case of *Rocheleau* v. *Boyle,* 11 Mont., 451; 28 Pac., 873, in the second section of the syllabus as follows:

"2. Where a mortgage properly acknowledged and filed, was given on the 'stock on hand' and other property of a baker, who was allowed to retain the possession thereof, and who continued to sell the stock in the regular course of trade, but did not apply the proceeds of such sales to paying the mortgage, such mortgage is void as regards the stock in trade."  *  *  *

The foregoing is founded in reason and it follows, therefore, that the description in said mortgage in so far as it relates to "stock in trade" and "merchandise" must be held to be insufficient. The fixtures, tools and machinery of the bakery are not enumerated, but are described as situated in the room at No. 64 East Main street, Salem, Ohio, and sold to Louis H. Rice by Claud Taylor; they are further described by reference to a bill of sale of even date therewith. It is well settled that a description may be completed by reference to a schedule. *Van Heusen* v. *Redcliff,* 17 N. Y., 580; 72 Am. Dec., 480; *Newman* v. *Tymeson,* 13 Wis., 172; 80 Am. Dec., 735; *State* v. *Cooper,* 79 Mo., 464; *Winslow* v. *Merchants Ins. Co.,* 45 Mass. (4 Met.), 306; *Page* v. *Kendig* (N. J.), 7 Atl., 878.

The schedule, however, should be attached to the mortgage, and if not, it becomes only a means of identification suggested by the description. There are very numerous adjudications in other jurisdictions concerning the sufficiency of description in chattel mortgages, a few of those in point with the case at bar and practically holding the greater part of said description sufficient, are as follows: *Cooper* v. *Berney Nat. Bank,* 99 Ala., 119; 11 So., 760; *Muncie Nat. Bank* v. *Brown,* 112 Ind., 474; 14 N. E., 358; *Harding* v. *Cobourn,* 53 Mass. (12 Metc.), 333; 46 Am. Dec., 680; *Adamson* v. *Horton,* 42 Minn., 161; 43 N. W., 849; *Morris* v. *Connor,* 108 N. C., 321; 12 S. E., 917; *Knapp, Stout & Co.* v. *Dietz,* 64 Wis., 31; 24 N. W., 471; *Wolfe* v. *Dorr,*

24 Me. (11 Shep.), 104; *Burditt* v. *Hunt,* 25 Me. (12 Shep.), 419; 43 Am. Dec., 289; *Shaw* v. *Glen,* 37 N. J. Eq. (10 Stew.), 32; *Conkling* v. *Shelley,* 28 N. Y., 360; 84 Am. Dec., 348; *Crow* v. *Red River County Bank,* 52 Tex., 362; *Dillon* v. *Dillon,* 13 Wash., 594; 43 Pac., 894.

It was held in *Wagner* v. *Watts,* 2 Crauch C. C., 169, that:

"A mortgage of the whole of my stock of books and stationery now remaining in my possession, and also such additions thereto as I may hereafter make from time to time to the same, is not void for uncertainty."

In the case at bar there is no provision as to stock or merchandise to be thereafter purchased. Again, it was held in *Ebberle* v. *Mayer,* 51 Ind., 235, that:

"A chattel mortgage described the property mortgaged as all stock, tools, fixtures and materials now on hand in the shop formerly occupied by A. on Central avenue in the city of Madison, Ind., and being the same property this day sold to us by said A., as in the invoice to us mentioned. *Held:* That the description was sufficient to protect the rights of the mortgagee against the vendee of the mortgagors."

It was likewise held in *Duke* v. *Strickland,* 43 Ind., 494. The foregoing is well in point in the case at bar.

To the same effect it was held in *Shaw* v. *Glann,* 37 N. J. Eq. (10 Stew.), 32, as follows:

"A description in a chattel mortgage of all stock, fixtures, goods, and chattels of every name and kind in a designated store is specific enough to identify the property intended to be covered."

Also, it was held that:

"A description of personal property in a chattel mortgage, stating in general terms its character, and specifically stating in what building and rooms it is situated, is sufficient. *Muncie Nat. Bank* v. *Brown,* 112 Ind., 474; 14 N. E., 358."

The question is fairly well determined, however, in this jurisdiction in the above case of *Lawrence* v. *Evarts,* 7 O. S., 196, in which Swan, J., observes as follows:

"A mortgage of all the stock of tools and chattels belonging to the mortgagor in and about the wheelwright shop occupied by him is not void as to creditors; and the mortgagee may show by parol evidence what articles were in and about the shop when the mortgage was made."

In full harmony with the foregoing are the cases of *In re Brannock,* 131 Fed., 819, *In re Beede,* 126 Fed., 853; *Nelson v. Howison,* 122 Ala., 576; 25 So., 211; *Williamson* v. *Wylie,* 69 Mo. App., 512; *Simonson* v. *McHenry,* 92 Pac., 906; *State Bank of West Union* v. *Keeney,* 114 S. W., 553; 134 Mo. App., 74; *Clement* v. *Congress Hall,* 132 N. Y. S., 16; 72 Misc. Rep., 519.

The next and last items of said description to be considered are the horses, wagons, buggy and harness. These articles and property are mentioned as the two bay colts, the bay mare, three wagons and one buggy and double set harness, two single sets harness, and are further described as "property this day sold to Louis H. Rice by Claud Taylor and for a further description see bill of sale from Claud Taylor to Louis H. Rice of even date with said mortgage.

It is also stated that "the soda fountain and accessories are covered by said mortgage and the horses are at Noling's livery and at grantee's barn." Is the foregoing a good description? Could a third person, upon inquiry suggested by the above, locate the property? As to the horses, it is stated that they were two bay colts, the bay mare; that they were at Noling's livery and at grantee's barn; it is stated that they are the same as sold that day by mortgagee to mortgagor, and reference is made to the bill of sale. It was held in *William* v. *Crook,* 63 Miss., 9, that the description of a horse by age and color, and as being in the possession of the mortgagor at the time the mortgage was executed is sufficient. The age, however, is not given in the case at bar. Again, it is held in *Griffiths* v. *Wheeler,* 31 Kas., 17; 2 Pac., 842, that "a description of cattle is sufficient if from it, and from inquiries suggested by the mortgage, the cattle intended can be ascertained." Likewise, it was held that:

"A chattel mortgage describing the property as eight horses being the same now in stable No. 19, Silver St., is sufficient as against a subsequent purchaser of two of the horses, even though

at the time the mortgage was executed and for some time previous and subsequent thereto many other horses not owned by the mortgagor were constantly boarded at that stable." *Elder* v. *Miller,* 60 Me., 118.

To the same effect it was held that:

"A description in a chattel mortgage, including all horses belonging to the mortgagor in a certain county and the counties thereto adjoining was not void for uncertainty." *Lapowski* v. *Taylor,* 13 Tex. Civ. App., 624; 35 S. W., 934.

And in *Rauch* v. *Howard-Sansonn Co.,* 3 Tex. Civ. App., 507; 22 S. W., 773, it was held:

"A statement in a due bill that the same had been given for a certain number of mules without other description, is not so indefinite as to prevent the operation of the bill as a mortgage."

A case well in point is that of *Johnson* v. *Gerber,* 130 N. W., 995, which holds that:

"A chattel mortgage, describing the property as '14 cows all in the possession of the party of the first part, in the city of St. Paul, Ramsey county, Minnesota,' sufficiently describes the mortgaged property."

Similar in principle are the cases of *Tolbert* v. *Horton,* 33 Minn., 104; 22 N. W., 126; *Kenyon* v. *Tramel,* 71 Iowa, 693; 28 N. W., 37; *State Nat. Bank* v. *Cudahy Packing Co.,* 126 Fed., 543; affirmed 134 Fed., 538; 67 C. C. A., 662; *Bank of America* v. *Waggoner,* 143 Fed., 53; 74 C. C. A., 207; *Alferitz* v. *Ingalls,* 83 Fed., 964; *Hurt* v. *Redd,* 64 Ala., 85; *Boyle* v. *Miller,* 93 Ill. App., 627; *Burns* v. *Harris,* 66 Ind., 536; *Cayford* v. *Brickett,* 89 Me., 77; 35 Atl., 1018; *Barker* v. *Wheelip,* 24 Tenn. (5 Humph.), 329; 42 Am. Dec., 432; *Desany* v. *Thorp,* 70 Vt., 31; 39 Atl., 309.

Mr. Jones in his work on chattel mortgages pertinently observes at Section 54, p. 57, as follows:

"Written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties

at the time. They are not prepared for strangers, but for those they are to affect—the parties and their privies. *State* v. *Logan,* 100 N. C., 454.''

It must be concluded from all the foregoing that courts as well as text-writers have generally sanctioned the liberal construction of ambiguous descriptions in chattel mortgages. A third person could have examined the bill of sale concerning the horses and other property; he could have made inquiry of Claud Taylor, the mortgagee, who was familiar with all of said property, or he could have inquired at Noling's livery concerning the horses, and likewise of the harness and vehicles and doubtless received helpful and reliable information, sufficient, no doubt, to identify the property mentioned in said mortgage, and he might refer to the bill of sale to which reference is made and obtain additional information. Said bill of sale is not a part of the description, however, because not attached to said mortgage and, as above stated, could be used only as a basis for definite parol evidence to explain or aid the description. Nor can the lien of said mortgage be extended so as to cover property not mentioned or after acquired property, there being no provision to that effect (Section 71, Jones on Chattel Mortgages; *Sharpe* v. *Pearce,* 74 N. C., 60, above noted, and *Barbin* v. *Zetlmaier,* 6 O. D., 189). A part of said description is fairly close to the line, so far as being sufficiently definite is concerned, but by reason of the fact that a general statement is made that the description embraces *all* of the property sold that day to mortgagor by mortgagee and describes the location of most of it, and that reference is made to the bill of sale which is suggested in said description as a further means of identification, it is sufficiently definite and therefore the lien of the mortgage attaches to the bakery outfit, horses, harness, wagons, buggy and confectionery equipment, but not to the stock in trade or merchandise. The temporary restraining order heretofore issued is dissolved and discharged and a permanent injunction refused. An entry may be taken in accordance with the foregoing.