HERMAN SPELLMAN, PLAINTIFF IN ERROR, V. MARY A. DAVIS, DEFENDANT IN ERROR.

**Married Women.** Since the act of 1875 [Laws, p. 88] there is no law of this state subjecting the separate property of a married woman to execution or sale for any debt of her husband whatever.

ERROR to the district court for Lancaster county.

*C. O. Whedon,* for plaintiff in error.

*Brown & Marshall,* for defendant in error.

BY THE COURT.

This is an action of replevin by Mrs. Davis, against Herman Spellman, now plaintiff in error, and Henry W. Gable for the detention of a certain house, the property of said plaintiff below.

The defendant, Spellman, answered in the court below, denying the facts alleged in the plaintiff's petition, and for a second defense alleging the recovery of a judgment by him against Joshua P. Davis, the husband of the plaintiff, for the sum of $26.85 and $3.00 costs of suit, in an action for a bill of groceries, family goods, and provisions, furnished to the said Joshua P. Davis and his family while the plaintiff was living with him as a member of his family, and which articles were used and consumed by the said family. That after the rendition of said judgment, and the same remained in full force and effect, an execution was issued thereon and placed in the hands of one O. Evans, a constable of said county, who levied the same upon the house in question, and defendant claims to hold said house by virtue of said levy, etc.

The plaintiff demurred to the second defense in the said answer, which demurrer was sustained by the court. A trial was had on the first defense to a jury, who found for the plaintiff. A motion for a new trial being overruled and judgment for the plaintiff, defendant Spellman brings the cause to this court on error.

There is no bill of exceptions in the record, nor brief by either party, and as there was no oral argument in the case, we can only guess at the question sought to be presented by the plaintiff in error.

The legislature of the late territory of Nebraska, at its first session, passed an act exempting the property of married women from execution for the debts of their husbands, with certain exceptions, which exceptions, had the said act been in force at the date of the detention of the house in

question, would probably have embraced this case.  Said law was carried into all of the codes and revisions of the statutes up to and including the general statutes of 1873, but was repealed by section two of an act, approved Feburary 25, 1875, on page 88 of the laws of 1875.  So that at the date of these transactions there was no law subjecting the property of a married woman to execution for any debt of her husband whatever.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.