THE KNAPP, STOUT & CO. COMPANY, Appellant, vs. DEITZ, Respondent.

*September 5 — September 22, 1885.*

CHATTEL MORTGAGES. *(1) Uncertainty in description. (2) Chattels to be consumed by mortgagor.*

1. The description of property in a chattel mortgage as " Forty-one Berkshire hogs and sixty-five grain-sacks," is not so uncertain as to invalidate the mortgage.

2. A mortgage of chattels furnished by the mortgagee to the mortgagor and to be used and consumed by him for the benefit of the mortgagee, is not void as to the creditors of the mortgagor. *Place v. Langworthy*, 13 Wis. 629, and *Steinart v. Deuster*, 23 id. 136, distinguished.

APPEAL from the Circuit Court for *Barron* County.

The defendant was duly appointed a special deputy by the sheriff of Barron county to serve an execution issued out of the circuit court of that county against the property of one Lesure, the judgment debtor named therein. He thereupon levied such execution upon a large amount of personal property as the property of Lesure. The plaintiff claims such property, and brought this action to recover possession of the same. No questions are raised on the pleadings.

There was a trial of the action before a jury, which resulted in a verdict for the plaintiff for the recovery of a large portion of the property in controversy, and for the defendant for the recovery of the remainder thereof, consisting of forty-one hogs and sixty-five grain-sacks. The verdict was substantially directed by the court. A motion on behalf of the plaintiff for a new trial was denied, and judgments for the plaintiff for the property so recovered by it, and for the defendant for the property so recovered by him, were duly entered. The plaintiff appeals from the judgment for the defendant.

The cause was submitted for the appellant on the brief of *Hunt & Freeman,* and for the respondent on that of *Ives & Ticknor.*

For the appellant it was argued, among other things, that the description in the mortgage was sufficient, the property having been identified by parol evidence. *Sargent v. Solberg,* 22 Wis. 132; *Harris v. Kennedy,* 48 id. 500, and cases cited; *Conklin v. Shelley,* 28 N. Y. 360; *Russell v. Winne,* 37 id. 591; *Willey v. Snyder,* 34 Mich. 60; *Fordyce v. Neal,* 40 id. 705; *Kelley v. Reid,* 57 Miss. 89; *Nicholson v. Karpe,* 58 id. 34. The question of identification was one for the jury. *Whitaker v. Burhans,* 65 N. Y. 559; *Van Vechten v. Hopkins,* 5 Johns. 211. Since the use of the property was to be for the benefit of the mortgagee rather than for the mortgagor, the fact that the property was to be consumed does not show an intent on the part of the mortgagor to hinder, delay, or defraud his creditors. See *Ravisies v. Alston,* 5 Ala. 297; *Planters' & M. Bank v. Clarke,* 7 id. 765; *Masson v. Anderson,* 3 Baxt. 290; *Dewey v. Littlejohn,* 2 Ired. Eq. 495; *Young v. Booe,* 11 Ired. Law, 347; *Cochran v. Paris,* 11 Gratt. 348; *Sipe v. Earman,* 26 id. 563; *Wiley, Banks & Co. v. Knight,* 27 Ala. 336; *Sommerville v. Horton,* 4 Yerg. 541; *Simpson v. Mitchel,* 8 id. 417; *Farmers' Bank v. Douglas,* 11 Sm. & Mar. 469; *Place v. Langworthy,* 13 Wis. 629; *Steinart v. Deuster,* 23 id. 136; *Barkow v. Sanger,* 47 id. 500; *Rice v. Jerenson,* 54 id. 248; *Cotton v. Marsh,* 3 id. 221; *Fisk v. Harshaw,* 45 id. 665.

LYON, J. The plaintiff claimed a part of the property in controversy as owner, and the balance thereof under two chattel mortgages executed to it by Lesure, the judgment debtor in the execution by virtue of which the defendant seized such property. The plaintiff made good his claim to most of the property, to the satisfaction of the court, and recovered the same. Its judgment therefor is not affected

by this appeal. The only question to be here determined is, Does the evidence justify the direction of the court to the jury to find for the defendant in respect to the remainder of the property claimed, to wit, forty-one hogs and sixty-five grain-sacks? This property was covered by one of the chattel mortgages. The record does not expressly state the grounds for such direction, but it is quite apparent therefrom that it must have been predicated upon one or more of three assumed grounds: (1) The mortgage was not filed with the clerk of the proper town; or (2) the description therein of the mortgaged property is so uncertain that it renders the mortgage null and void; or (3) the property therein described consists mainly of supplies, and the understanding was that the mortgagor should use such supplies; and this operates to defraud other creditors of the mortgagor, and invalidates the mortgage. These assumed grounds will be briefly considered in their order.

1. The testimony of Lesure tends to show, if it does not prove the fact conclusively, that he resided in the town of Stanfold, in Barron county, when he executed the mortgage in question. It was filed with the town clerk of that town before the defendant made the seizure complained of. The court could not, therefore, properly assume that the mortgage was not filed with the clerk of the proper town. R. S. sec. 2314.

2. The hogs are described in the mortgage as "Berkshire hogs." The testimony shows, or at least tends to show, that the mortgage covers and includes all the hogs and grain-sacks the mortgagor owned. The description of the property in the mortgage is about as specific as the nature of the property will allow. One hog is very much like another hog of the same breed, and one grain-sack is apt to be much like another. These belong to a large class of articles which it is difficult to describe except by name and variety. We do not think it ought to be held that the

description of this property in the mortgage is so uncertain as to render the mortgage void as to such property. We apprehend the property might be found and identified without much difficulty, if a little diligence were used in that direction. *Id certum est quod certum reddi potest.*

3. The supplies were furnished Lesure to enable him to get out a quantity of logs for the plaintiff at a stipulated price, under a contract between them. To perform his contract it was necessary for him to employ and subsist a large number of men and teams. The mortgage on the supplies was given to secure a large indebtedness due from Lesure to the plaintiff. Presumably the plaintiff gave Lesure the logging job to enable him to reduce that indebtedness. Without supplies he could not perform his contract. Hence the plaintiff had a direct interest in having the supplies used, and they were used for its benefit rather than for the benefit of the mortgagor. The rule established in *Place v. Langworthy*, 13 Wis. 629, and *Steinart v. Deuster*, 23 Wis. 136, is to the effect that any agreement between mortgagor and mortgagee of chattels, that the former may sell them and apply the proceeds to his own use in the support of his family, or otherwise, renders the mortgage fraudulent in law and void as to the creditors of the mortgagor. We have no case here for the application of that rule.

In any view in which the case is presented to our minds, we are unable to find in the evidence any sufficient grounds for the direction to the jury to find for the defendant as to the hogs and grain-sacks. For such erroneous directions the judgment for the defendant must be reversed, and the cause remanded for a new trial of that branch of the case.

*By the Court.*— It is so ordered.

See note to this case in 24 N. W. Rep. 472; also, *Peterson v. Fole*, 25 N. W. Rep. (Iowa), 677; *Caldwell v. Trowbridge*, 26 id. (Iowa), 49.— REP.