CHARLES W. LEIGHTON AND HENRY BROWN, PLAINTIFFS IN ERROR, V. MARTHA E, STUART, DEFENDANT IN ERROR.

1. **Husband and Wife:** SEPARATE PROPERTY OF WIFE. The property of a married woman, which is her several and separate property, is not liable to levy and sale for the satisfaction of the debts of her husband. Therefore the purchaser of her property at such sale would acquire no title by such purchase, and would not be entitled to the possession of the property as against the owner or one holding a title and claiming under her.

2. **Chattel Mortgage:** DESCRIPTION OF PROPERTY. A chattel mortgage may be void as against the *bona fide* creditors of or purchasers from the mortgagor for defective description of the property mortgaged and yet good as between the immediate parties to the mortgage: Especially where the property included in the mortgage is identified by them.

3. ———: ———. As between the mortgagor and mortgagee of personal chattels, a specific and particular description of the several articles mortgaged, from which to identify them from other like articles of the mortgagor in the same collection, is not essential to the validity of the mortgage.

4. **Res adjudicata:** A previous ruling by the appellate court upon a point distinctly made may be only authority in other cases, to be followed or affirmed or to be modified or overruled according to its intrinsic merits ; but in the case in which it is made it is more than authority ; it is a final adjudication, from the consequences of which the court cannot depart nor the parties release themselves. *Hiatt v. Brooks,* 17 Neb., 33.

ERROR to the district court for Lancaster county. Tried below before MITCHELL, J.

*J. R. Webster,* for plaintiffs in error.

*Ryan Bros.* and *A. J. Sawyer,* for defendant in error.

REESE, J.

.This was an action in replevin instituted by defendant in error, claiming the possession of the property in dispute

as the mortgagee of W. W. House and Zeruah C. House, and alleging upon belief that the property in dispute prior to the execution of the mortgage was the separate and individual property of said Zeruah C. House. The cause has been before this court twice before, and is reported in 10 Neb., at page 224, and in 14 Id., at page 37.

The last trial was had before John H. Ames, Esq., referee, who reported his findings of fact and conclusions of law, and upon which judgment was rendered in favor of defendant in error. The findings of the referee are as follows:

### FINDINGS OF FACT.

"1. That on and prior to the 30th day of October, 1876, one Zeruah C. House was the owner, as of her own separate property and estate, of about sixty-two or sixty-three hogs, of what weight, size, or particular description the evidence does not disclose.

"2. That on the said 30th day of October, 1876, the said Zeruah C. House joined with her husband, W. W. House, in the execution of a certain chattel mortgage to the plaintiff, Martha E. Stuart, in consideration of which the plaintiff at that time loaned and advanced to the said W. W. House, in good faith and reliance upon the security of said mortgagee, the sum of $490.50, to become due by the terms of the mortgage at the expiration of three months from its date. That L. C. Burr, afterwards and now employed by the defendants Leighton and Brown as one of their attorneys as hereinafter mentioned, was present at the time of the delivery of said mortgage and the advancement of said money, representing one L. E. Kennard. That the said mortgage was duly signed by both of the said mortgagors, but was acknowledged by said W. W. House only, and was filed for record in the clerk's office of Lancaster county, that being the county of the residence of the mortgagors and of the situation of the property in the mortgage de-

scribed, on the 6th day of November, 1876, and was duly refiled in said office on the 3d of November, 1877.

"3. That said mortgage, besides describing other personal property, contained the following description and no other as to hogs: 'Sixty hogs that will average 175 pounds each.'

"4. That on the 25th day of October, 1877, the said W. W. and Zeruah C. House executed a mortgage to the defendant Alexander, to secure the sum of $50 upon certain brood sows not in controversy in this action.

"5. That on the 6th day of December, 1877, the defendants Leighton and Brown caused two executions to be sued out of the county court of Lancaster county upon two judgments therein recovered by said defendants against the said W. W. House, to be levied upon the hogs described in the petition, together with twenty-three other hogs, all the separate and several property of the said Zeruah C. House, and then in her possession at her residence in said county, where all the hogs mentioned in this report were and had been kept, and that immediately before the making of such levy said Zeruah C. House told L. C. Burr, who was present and personally directed the same on behalf of said defendants, that all the hogs levied upon were her separate property as aforesaid ; that the hogs so levied upon were at the time of the levy of about the weight of from 160 to 175 pounds each, but of what age or other particular description the evidence does not disclose. There were in all at the time and place aforesaid, 202 hogs of varying ages, weights, and descriptions; except some five or six brood sows, the hogs were not definitely segregated into separate masses or herds.

"6. That Mr. L. C. Burr was first employed by the defendants Leighton and Brown with reference to the collection of their demands from the said W. W. House not earlier than the 6th day of October, 1877.

"7. That the hogs so levied upon were at and after the

date of the levy considered and treated by the plaintiff and the said Zeruah C. House as being a part of the hogs intended by the phrase in the plaintiff's mortgage "sixty hogs that will average 175 pounds each."

"8. That on the 12th day of December, 1877, the said Zeruah C. House began a proceeding before George K. Amory, then one of the justices of the peace of said county, for the purpose of trying the right of property to the hogs levied upon, which she claimed in said proceeding to belong to her; and that such proceedings were thereupon had that on the 17th day of December, upon a trial before said justice and a jury, in which the said defendants Leighton and Brown participated, it was found and adjudged that the right of property in said hogs was in the said Zeruah C. House, and that said findings and judgment have never been impeached by said defendants, by appeal, petition in error, or otherwise. And said justice thereupon issued an order to the constable directing him to return said hogs to said Zeruah C. House.

"9. That notwithstanding the finding and judgment mentioned in the last preceding paragraph, the constable by whom the executions were levied as aforesaid, at the instance of the said Leighton and Brown, and upon their executing to him a bond of indemnity for so doing, proceeded to advertise the hogs mentioned in the petition in this action for sale pursuant to said levy and so sold the same on the 18th day of December, 1877, to the said Leighton and Brown, "subject to a certain mortgage to one William Alexander for $50," for the sum in the aggregate of $168.75.

"10. That at the date of the said execution sales the amount due upon the judgments upon which they were issued was $180, and at that date the value of the thirty-four hogs sold was $297.50.

"11. At or prior to the levy of said executions, neither the defendants Leighton and Brown nor said L. C. Burr

had any actual notice of the plaintiffs' mortgage other than as hereinbefore stated.

"12. That on the 19th day of December, 1877, the thirty-four hogs mentioned in the petition were taken from the defendants Leighton and Brown by the sheriff upon the writ of replevin issued in this action and delivered to the plaintiff, who has ever since retained and now retains the same.

"13. That at the beginning of this action the plaintiffs' mortgage was subsisting, unpaid, and unsatisfied."

### CONCLUSIONS OF LAW.

"1. That the allusion in plaintiff's mortgage to "sixty hogs that will average 175 pounds each" is too indefinite and uncertain to serve as a description imputing notice from the record of the mortgage or otherwise to the defendants Leighton and Brown that the hogs in controversy or any particular hogs were intended to be conveyed thereby or charged with the lien thereof.

"2. That the knowledge of L. C. Burr of the existence of the plaintiff's mortgage, acquired more than a year before his employment by the defendants Leighton and Brown, did not impute knowledge or notice of such mortgage to said defendants at or after such employment at a date more than nine months subsequent to that at which such mortgage, by its terms, became due.

"3. That such mortgage, notwithstanding its indefinite description as to the hogs in controversy, was capable of being treated and regarded as a sufficient description of them by designation, after its execution, as between the plaintiff and the said Zeruah C. House, the owner of them, and as against the creditors of Willis W. House, her husband, and were trespassers, and whether so treated before or after the levy of the executions in favor of the defendants Leighton and Brown was sufficient as against them.

"4. That the right of possession and the right of prop-

erty to the hogs in controversy was at the beginning of this action in the plaintiff, and that she has been damaged by the wrongful detention thereof by the defendants in the sum of one dollar.

" 5. That the plaintiff is entitled to a judgment for the possession of the hogs described in the petition, and for damages for the wrongful detention thereof by the defendants in the sum of one dollar and for the costs of this action."

Upon the filing of the report of the referee plaintiffs in error excepted thereto upon the grounds : *First,* To the third conclusion of law because the same was contrary to the law upon the facts found, and because the referee upon the facts found should have found as conclusion of law that the mortgage was void and of no effect as against the plaintiffs in error.

*Second,* To the 4th conclusion of law because the same was contrary to law upon the facts found, and that the referee should have found that the right of property and of possession of the property in dispute was in plaintiffs in error.

*Third,* The general objection to the 5th conclusion of law because it was contrary to law upon the facts found, and the judgment should be in favor of plaintiffs in error.

The exceptions concluded with a motion for judgment in favor of plaintiffs in error.

These exceptions being overruled by the district court, plaintiffs in error moved for a new trial, assigning as ground therefor, that judgment was contrary to law and the facts found. That the judgment, upon the facts found, should be rendered in favor of plaintiffs in error.

This motion being overruled, plaintiffs in error allege error, and seek a review in this court.

By the foregoing it will be seen that no complaint is made by plaintiffs in error as to the findings of fact by the referee. The question presented is, whether or not the facts

as found to exist by the referee, and which must be here taken as correct, will support his conclusions of law.

For the purpose of arriving at what we conceive to be the essential part of this case, it may be noted that the referee finds that the property in dispute was "the separate and several property of the said Zeruah C. House," and that immediately before the levy she notified plaintiffs in error of that fact.    Taking this finding as true, which we must, it is clear that the property was not subject to levy for the satisfaction of the debts of W. W. House, her husband.    That being true, plaintiffs in error could acquire no title by their purchase, therefore they were not entitled to the possession of the property as against Mrs. House, nor any one holding a title and claiming under her.    Was the mortgage void as against a third party, without notice, claiming under or by virtue of the title of Mrs. House? Yes; but as against Mrs. House, no; for the referee finds that the hogs in question "were, at and after the date of the levy, considered and treated by the plaintiff and the said Zeruah C. House as being a part of the hogs" included in the mortgage.    As between Mrs. House and defendant in error there was no dispute.    As between the immediate parties to the mortgage a specific and particular description of the several articles mortgaged, to identify them from other like articles of the mortgagor, is not necessary.    *Call v. Gray*, 37 N. H., 428.    Herman on Chattel Mortgages, 74.    At least not to the same extent as where the rights of *bona fide* creditors of or purchasers from the mortgagor are involved.    The mortgage being good as between Mrs. House and defendant in error, it would follow that as against a trespasser the defendant in error could assert her rights to the full extent of the mortgage as fully as Mrs. House could assert her ownership.

In the opinion in this case, 14 Neb., 37, at page 38–9, Chief Justice MAXWELL uses the following language: " The plaintiff claims the property upon two grounds, either

of which being found in her favor will entitle her to recover: 1st. That Mrs. House was the owner of the property levied upon, and therefore it was not liable for the debts of her husband." The referee finds, and plaintiffs in error concede, the finding to be correct, that "Mrs. House was the owner of the property." In *Hiatt v. Brooks*, 17 Neb., 33, S. C., 22 N. W. Rep., 73, it was held, and I think correctly, that, "A previous ruling by the appellate court upon a point distinctly made, * * * is a final adjudication, from the consequences of which the court cannot depart nor the parties relieve themselves." While it is believed by the writer that this principle is applicable here, yet, without such application, I have no doubt that the conclusions of law as stated by the referee are fully sustained by his findings of facts.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.