## KENYON v. TRAMEL ET AL.

1. **Chattel Mortgage:** DESCRIPTION OF PROPERTY. The description of the property covered by a chattel mortgage was as follows: "Fifty head of steers about (20) months old, now owned by me, and in my possession on my farm in Independence township, Jasper county, Iowa." *Held* sufficient as against subsequent purchasers from the mortgagor, even though one of the purchasers bought some of the cattle in Clear Creek township, where they were in charge of the mortgagor's agent, on a part of his farm, which lay partly in Independence and partly in Clear Creek township.

2. **Decree:** CLERICAL ERROR: REMEDY ON APPEAL: COSTS. Where a decree is in conflict with the evidence on account of a supposed clerical error in drawing it, but is otherwise correct, it will be modified on .appeal so as to correct the error, and then affirmed; but the appellant will be entitled to his costs in this court. The fact that appellant did not move for its correction in the trial court will not deprive him of relief here.

*Appeal from Jasper District Court.*

FRIDAY, APRIL 23, 1886.

ACTION to foreclose a chattel mortgage. Judgment for the plaintiff, and defendants appeal.

*Ryan & McElroy,* for appellants.

. *Alanson Clark,* for appellee.

SEEVERS, J.—The defendant Tramel executed to the plaint-

iff a chattel mortgage on "fifty head of steers about (20) months old, now owned by me, and in my possession on my farm in Independence township, Jasper county, Iowa." The mortgage was executed and filed for record on the seventh day of January, 1884. Afterwards the defendant Baker purchased eleven, and the defendant Wilson sixteen, steers of the mortgagor. It is insisted that the description is fatally defective, and that it cannot be aided by extrinsic evidence. It appears from the evidence that the mortgagor did not have in his possession fifty steers of the age of those described at the time the mortgage was given, but he did have at least twenty-eight steers that he had purchased of one Carr. This evidence, we think, was admissible for the purpose of identifying the cattle. Baker and Wilson had constructive notice of the mortgage. When they purchased the cattle, they were bound to know that plaintiff had a mortgage on fifty head of steers which were owned by the mortgagor, and were in his possession on his farm in Independence township. Now, if they had made inquiry, as they were bound to do, the cattle mortgaged could have been identified with reasonable certainty. *Yant v. Harvey*, 55 Iowa, 421. There is no uncertainty in the mortgage, or, if there is, there is sufficient description of the property to enable an honest inquirer to identify it. *Smith v. McLean*, 24 Iowa, 322. The ownership, possession and location of the cattle all are descriptive, and this distinguishes this case from at least many, if not all, of those cited by counsel for defendant.

1. CHATTEL mortgage: description of property.

The fact that there were only twenty-eight head instead of fifty should not have the effect to destroy the validity of the mortgage. It will still be good as to the cattle sufficiently described.

It is said that when at least one of the defendants purchased the cattle they were not in the possession of the mortgagor on his farm in Independence township, but were

Kenyon v. Tramel et al.

in the possession of one Kinty, in Clear Creek township. This is immaterial if the cattle were in the possession of the mortgagor on the Independence farm when the mortgage was executed. The evidence is not entirely clear on this point, but, as we understand, Kinty was in possession as the agent of the mortgagor. In fact he was simply taking care of them, as we understand, on land owned by the mortgagor, or his wife, in Clear Creek township, which was known as a part of the mortgagor's farm, the greater portion of which was in Independence township. Although the farm was in two townships, it could well be regarded as a single farm, for the reason that there was no intervening land owned by others. The mortgagor resided in Independence township, and the farm was sufficiently described as being in that township. Inquiry would have clearly shown that the cattle were on that farm.

The evidence shows that Wilson purchased sixteen steers, but the decree finds that he purchased seventeen of the mort-

2. DECREE: clerical error: remedy on appeal: costs.

gaged steers. The decree is therefore erroneous. Counsel for the appellee concedes this, but insists that it should have been corrected on motion in the district court, for the reason that it was a clear mistake in drawing the decree. Possibly relief might have been thus obtained, but we are not prepared to say that appellants were bound to proceed in that manner, and, if they did not, would be prevented from recovering costs in this court. The mistake does not appear on the face of the decree, nor does it appear that counsel for the appellants had any knowledge of the mistake during the term.

The appellant Wilson is entitled to his costs in this court. One-half the costs must be taxed to appellee, and the residue to appellant Baker. The decree of the district court will be

MODIFIED AND AFFIRMED.