## COLE v. GREEN.

Chattel Mortgage: DEFECTIVE DESCRIPTION : GOOD AS TO SHERIFF HAVING ACTUAL NOTICE. The defendant in this case, as sheriff, levied upon a stock of goods upon which the plaintiff held a chattel mortgage. The goods were described in the mortgage as being on a certain lot and block, but were not otherwise located. *Held* that, though this description was so indefinite that the recording of the mortgage would not impart constructive notice to the sheriff, yet, as he had actual notice, through his deputy, who levied the attachment, the mortgage was valid as against him, and he could not hold the goods.

*Appeal from O'Brien District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 11, 1889.

*P. R. Bailey*, for appellant.

*Alfred Morton* and *O. M. Barrett*, for appellee.

GIVEN, C. J.—I. The plaintiff, F. G. Cole, brings this action to recover the possession of certain chattel property from the defendant, W. C. Green, sheriff, who took the same under an attachment as the property of George Wall. The plaintiff claims the property by virtue of a chattel mortgage from Wall to him. The parties waived a jury, and the case was submitted to the court, and judgment entered against the defendant, and defendant appeals, assigning as errors: *First*, that the court erred in rendering judgment against the . defendant, for the reason that there was no notice to defendant of the existence of said mortgage upon the stock of goods, either actual or constructive, prior to the levy of the attachment; *second*, that the court erred in rendering judgment against the defendant for the reason that the evidence shows that the mortgage given by Wall to Cole was fraudulent, and given for the purpose of aiding Wall to defraud his creditors, and was without consideration; *third*, that said mortgage did not impart notice of record, for the reason that the same was void for want of proper description and location. The mortgage is upon "all my restaurant stock, consisting of candies," etc., describing the property particularly, "now, in use in said restaurant, which is located on lot number 15, in block 13." There is no other location given. The judgment shows that the court found that the defendant sheriff, through his deputy, who levied the attachment, had actual notice of the existence of the mortgage prior to the making of the levy, and this the court might very properly have found from the testimony, though there is conflict with

regard to it. " The mortgage, which is so indefinite as to the description of property that the record thereof would not constitute sufficient notice to a purchaser, may nevertheless be valid between the parties who are aware of the facts." *Clapp v. Trowbridge*, 74 Iowa, 550. It follows that, the defendant having actual notice of this mortgage before making the levy, the mortgage is valid as to him, notwithstanding its defective description of the property. This being the case, it is immaterial as to these parties whether the mortgage had been recorded or not. The court found that the mortgage was not fraudulent. This finding is not without support in the testimony, and under the well-settled rule we cannot interfere with it. The judgment of the district court is AFFIRMED.