McGARRY & BROWN, Appellees, v. PETER McDONNELL *et al.*, Appellees; JOHN CUNNINGHAM, Intervenor, Appellant.

Chattel Mortgages: DESCRIPTION OF PROPERTY : NOTICE : EVIDENCE : COSTS.

*Appeal from Warren District Court.*—HON. J. H. HENDERSON, Judge.

WEDNESDAY, FEBRUARY 4, 1891.

ACTION in equity to restrain the foreclosure by notice and sale of a chattel mortgage. The material facts are stated in the opinion. From a decree declaring that the intervenor was not entitled to any part of the mortgaged property or its proceeds, the latter appeals. *Reversed.*

*McGarry & Brown*, for appellant.

*H. McNeil*, for appellee Johnson.

*W. H. Berry*, for appellee King.

ROBINSON, J.—On February 4, 1884, Peter McDonnell and another made to Nora Ryan their promissory note for four hundred dollars, and to secure its payment McDonnell, on April 3, 1885, executed a chattel mortgage upon a number of cows, heifers and other property. The mortgage so given was filed for record on April 4, 1885. On March 20, 1886, Nora Ryan assigned the note and mortgage to the intervenor, John Cunningham, and on the same date McDonnell executed to Cunningham a second mortgage to secure the note. That mortgage was recorded on the day it was given. On May 1, 1888, McDonnell made to the plaintiffs his promissory note for the sum of two hundred dollars, and to secure its payment executed a chattel mortgage, which was duly recorded. On August 16, 1888, McDonnell executed to defendants, R. I. King and B. Johnson, a chattel mortgage to secure the payment of six promissory notes, of which three were owned by King, and the remainder by Johnson. This action was commenced against McDonnell, King and Johnson, to restrain the foreclosure of the mortgage last mentioned on the ground that it includes property which is covered by the mortgage to the plaintiffs. Cunningham intervened, claiming that the mortgages owned by him included a part of the property mortgaged to the plaintiffs and to King

and Johnson, and that the liens created by his mortgages are superior to the lien of the mortgage to King and Johnson. By agreement of the plaintiffs and King and Johnson, the sheriff sold the property covered by their mortgages, and held the net proceeds thereof, amounting to one thousand and five dollars and ninety cents, subject to the order of the court. It was found by the court that of this sum the plaintiffs were entitled to two hundred and twenty-one dollars and fifty-five cents; that the costs of the case, excepting the costs of intervention, should next be paid, and that by agreement of King and Johnson the remainder should be equally divided between them; that the intervenor is entitled to judgment against McDonnell for the sum of two hundred and forty-five dollars and seventy cents, an attorney's fee of twenty-two dollars and twenty-eight cents, and costs, but is entitled to none of the mortgaged property, nor to any part of its proceeds, as against King and Johnson. Judgment was rendered according to the findings of the court, and the intervenor appeals.

I. The description of property contained in the Ryan mortgage is not sufficient to charge subsequent purchasers with notice, and that fact does not seem to be questioned by the appellant. The description in the mortgage to the intervenor is as follows: "Six head of heifer calves. one year old in spring of 1886, one steer calf, one year old in spring of 1886, also forty shoats. all now on my farm in Jefferson township, Warren county, Iowa, and any increase from said stock, or from the stock included in the mortgage to Nora Ryan, this day assigned to John Cunningham." It is claimed by appellees that this description is insufficient to impart constructive notice of the property designed to be mortgaged. That may be conceded, so far as the description relates to the increase of stock included in the Ryan mortgage. The evidence shows that McDonnell had but one farm in the township named at the time the mortgage was given; that at that time he owned, and had in his possession on the farm, one yearling steer and six yearling heifers, and about forty shoats, and that he then owned no other stock of that description. The mortgage suggested inquiries which would have led to an identification of the property without difficulty, and is sufficient to charge appellees with knowledge of the property as covered. *Smith v. McLean*, 24 Iowa, 322; *Brock v. Barr*, 70 Iowa, 399; *Ormsby v Nolan*, 69 Iowa, 130; *Stephens v. Pence*, 56 Iowa, 257; *Yant v. Harvey*. 55 Iowa, 421.

The appellees suggest that McDonnell may have mortgaged property which did not belong to him; that his farm and the property thereon might have been in the possession of another person; that he may have had other stock similar to that described in the mortgage, and other difficulties in the way of identification of the property, none of which existed in this case, and for which, therefore, it was not necessary to provide in the mortgage. The failure of the mortgage to state that the property therein described was owned by the mortgagor was immaterial, in view of the fact that it was so owned, and that it was otherwise so described that it could be easily identified.

II. It is insisted by the appellee that the evidence does not show that any of the property described in the mortgage to the intervenor was sold under the King and Johnson mortgage. McDonnell testifies, in effect, that the property described in the former was included in all the other mortgages in suit ; and, so far as his testimony relates to the steer and heifers, it is in harmony with the description in the mortgages. A witness who had worked for McDonnell for several years, and who was on his farm when the mortgage to intervenor was given, and knew the property which it covered, testifies that five of the heifers and the steer were sold under the King and Johnson mortgage. His testimony is a little confused in some respects, but we think it fairly shows the sale as stated. The returns of the sheriff were treated as evidence. The returns on the mortgages of the plaintiffs and of King and Johnson, together, show that all the stock which could have been included in the mortgage to the intervenor was sold under the King and Johnson mortgage. It is, therefore, shown that one steer and five heifers upon which intervenor had a paramount lien were sold, and the proceeds appropriated by the judgment of the district court for the benefit of King and Johnson. The intervenor was not a party to the agreement under which the property was sold, and is not bound by it. The heifers had become cows, and at the time of the sale were worth twenty dollars each. The steer was then worth thirty dollars. The intervenor was entitled to judgment for the amount due on his note, and to a foreclosure of his mortgage as against King and Johnson.

III. The shoats included in the mortgage to the intervenor were taken by him, and their value applied on his note against McDonnell. Some of the calves of the cows upon which the mortgage of the intervenor was a lien appear to have been sold under the mortgage to King and Johnson, but the evidence in regard to them is not sufficiently definite to warrant an allowance on their account.

IV. Some of the costs of intervention were taxed to the intervenor. All which were made necessary by the defense of King and Johnson should be paid by them. The appellant demands general equitable relief, and we think he is entitled to have appropriated of the money which was received by the sheriff from the sale of the property so much as is necessary to pay one hundred and thirty dollars, and interest thereon at six per cent. per annum from September 3, 1888, and all costs he is entitled to recover from King and Johnson.

The cause will be remanded, with directions to the district court to enter a decree in harmony with this opinion, and to make such order as may be proper to enforce it. REVERSED.