## RUDISELL *v.* JENNINGS.

[No. 5,739. Filed May 15, 1906. Rehearing denied June 22, 1906.]

1. PLEADING. — *Complaint.* — *Jurisdiction of the Person.* — *Demurrer for Want of Facts.*—*Presumptions.*—A complaint on a note and for the foreclosure of a chattel mortgage recorded in J. county and showing that defendants at the time of its execution resided in J. county does not on its face show a want of jurisdiction over defendants as against a demurrer for want of facts, although such complaint fails to show that defendants were residents of B. county, in which the suit was brought, at the time of the filing thereof, there being a presumption of jurisdiction. p. 405.

2. CHATTEL MORTGAGES.—*Description of Property.*—*Indefinite.*— *Complaint.*—A chattel mortgage of "two Jersey cows, three and five years old; three work horses, age, eight years and nine years; one farm wagon," is good as between the parties; and a complaint for foreclosure specifically describing such property is not subject to a demurrer. pp. 406, 408.

3. PLEADING.—*Complaint.*—*Bills and Notes.*—*Chattel Mortgages.* —*Foreclosure.*—*Indefinite Description.*—A complaint on a note and for the foreclosure of a chattel mortgage is good, though the description of the mortgaged property be insufficient. p. 406.

# 404 APPELLATE COURT OF INDIANA,

4. JUDGMENT. — *Special Findings.* — *Conclusions of Law.* — *Bills and Notes.*—*Chattel Mortgages.*—*Husband and Wife.*—*Suretyship.*—Where the special findings show that the husband and wife executed their note and a chattel mortgage on certain articles to secure same; that the wife was surety only, and the conclusions of law were against the husband and in favor of the wife, the decree was correct. p. 406.

5. NEW TRIAL.—*Failure to Appoint Stenographer.*—The failure of the court to appoint an official stenographer to report the evidence in a cause is not a ground for a new trial where no request therefor was made. p. 407.

6. JUDGMENT.—*Motion to Modify.*—*Chattel Mortgages.*—*Foreclosure.*—*Indefinite Description.*—A motion to modify a judgment on a note and for foreclosure of a chattel mortgage by striking out the foreclosure decree should be overruled where the complaint specifically described the mortgaged property, although the mortgage did not, the rights of no innocent parties being involved. p. 408.

7. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—A failure to discuss an alleged error is a waiver thereof. p. 408.

8. EVIDENCE. — *Chattel Mortgages.* — *Indefinite Description.* — *Identification.*—Parol evidence is admissible to identify the property covered by a chattel mortgage containing an indefinite description of property. p. 413.

From Brown Circuit Court; *W. J. Buckingham*, Judge.

Suit by Nathan M. Jennings against Bailey Rudisell and wife. From a decree for plaintiff, said Rudisell appeals. *Affirmed.*

*L. E. Ritchey*, for appellant.

*E. F. Barker* and *B. F. Watson*, for appellee.

WILEY, J.—Appellee sued appellant and his wife upon a promissory note and to foreclose a chattel mortgage given to secure its payment. The court made a special finding of facts and stated its conclusions of law thereon. By its conclusions of law the court held that appellant's wife was not liable, and rendered judgment in her favor for costs, and against appellant upon the note and to foreclose the mortgage as to all the property described therein, except two cows, which the court found belonged to appellant's wife.

Appellant moved for a *venire de novo,* for a new trial, and to modify the judgment, all of which motions were overruled. The errors assigned are the overruling of the demurrer to the complaint and the overruling of the three motions to which we have just referred.

Two objections are urged to the complaint: (1) Because it shows upon its face that the court did not have jurisdiction of the parties defendant; (2) the description of the mortgaged property was insufficient.

The mortgage which is filed as an exhibit to the complaint shows that the mortgagors at the time of its execution were residents of Johnson county, Indiana, and

1. that the mortgage was recorded in that county. The suit was brought in Brown county, and there is no averment in the complaint that the mortgagors, at the time of the commencement of the action, resided in that county. The ground of the demurrer was that the complaint did not state facts sufficient to constitute a cause of action. A circuit court is a court of general jurisdiction, and it is only when the want of jurisdiction appears on the face of the complaint that a demurrer will lie. In actions in such a court it is not necessary that the complaint should affirmatively show that the court has jurisdiction. If there is nothing in the complaint to show whether the court has or has not jurisdiction, the question cannot be raised by demurrer, as the jurisdiction will be presumed. *Brownfield v. Weicht* (1857), 9 Ind. 394; *Ragan v. Haynes* (1858), 10 Ind. 348; *Godfrey v. Godfrey* (1861), 17 Ind. 6, 79 Am. Dec. 448; *Board, etc., v. Tichenor* (1891), 129 Ind. 562; 1 Works' Practice (3d ed.), §474; *Kinnaman v. Kinnaman* (1880), 71 Ind. 417; *Chapell v. Shuee* (1889), 117 Ind. 481. It does not appear from the face of the complaint that the Brown Circuit Court was without jurisdiction, and, this being true, appellant could not question the jurisdiction, except by answer. *Eel River R. Co. v. State, ex rel.* (1896), 143 Ind. 231. Under these authorities it

must be held that the court correctly overruled the demurrer to the complaint.

The property embraced in the mortgage is described as follows: "Two Jersey cows, three and five years old; three work horses, age, eight years and nine years; one farm wagon." The complaint specifically describes the property, and avers that it was the only property of its character owned by the mortgagors. It is further averred that the mortgagors still own said property and are in possession of it. It is laid down in 1 Cobbey, Chattel Mortgages, §188, that "the general rule seems to be that, as between the parties, any description is good, if the parties at the time knew and understood what the mortgage covered." This rule is approved by the Supreme Court in *Baldwin* v. *Boyce* (1898), 152 Ind. 46. 3 Am. and Eng. Ency. Law, 181.

It has been held that a complaint upon a note and to foreclose a mortgage is good on demurrer, even though the description of the property in the mortgage is insufficient. *Bayless* v. *Glenn* (1880), 72 Ind. 5.

Our conclusion is, therefore, that there is no merit in appellant's contention that the complaint is bad because of an insufficient description of the property.

This brings us to the special finding of facts and conclusions of law. The court found that appellant and his wife executed the note and mortgage in suit, and that the mortgage was duly recorded in Johnson county, Indiana, where the mortgagors at the time resided; that the mortgagors were husband and wife; that the two cows mentioned in the mortgage were the separate property of the wife; that all the other property named therein belonged to appellant, and that he was still in possession of it; that appellant's wife executed said note and mortgage as surety for her husband, and that there was due on the note $291, principal, interest and attorneys' fees. The conclusions of law are: (1) That Martha Rudisell, one of

the defendants below, was not bound for the payment of said note; (2) that the mortgage is not a lien against the two cows; (3) that appellee was entitled to recover from appellant the amount due upon the note; (4) that the mortgage should be foreclosed; (5) that Martha Rudisell should recover her costs. The evidence is not in the record, and no attempt has been made to bring the evidence to this court. Upon the finding of facts and the conclusions of law the judgment is correct. As the evidence is not in the record, the reasons stated by appellant in his motion for a new trial, depending upon the evidence, cannot be considered.

One of the reasons for a new trial assigned in the motion is that the court "caused said trial to proceed without any official court reporter or other reporter being present to take down the testimony." So far as the record shows, appellant did not, before the trial commenced, or during its progress, make any request that a reporter be appointed to take down in shorthand the evidence, and the first time the question was presented to the trial court was in the motion for a new trial. Counsel for appellant, in his brief, asserts that it is the duty of the court to appoint an official reporter "to take down the evidence in all cases, and this is mandatory." Counsel has evidently taken an erroneous view of the statute, for while it is the duty of the trial judge to appoint an official reporter, such reporter is only required to take down the evidence in shorthand when directed to do so by the judge. §1470 Burns 1901, Acts 1899, p. 384. If appellant, before entering upon the trial of the cause, had requested the court to appoint an official reporter to take down the evidence in shorthand, and the court had denied such request, he might have had some ground of complaint. But under the facts as disclosed by the record the court committed no error in this regard, and its failure to appoint such reporter

was not a valid reason to be assigned in a motion for a new trial.

Appellant's motion to modify the judgment goes to that part of it decreeing the foreclosure of the mortgage. The motion is based upon the proposition that, because 6. of the insufficiency of the description of the mortgaged property, foreclosure could not be decreed. We have settled this question by what we have said in regard to the sufficiency of the complaint.

Appellant has not discussed the overruling of his 7. motion for a *venire de novo,* and it is therefore waived.

Judgment affirmed.

## On Petition for Rehearing.

Wiley, J.—Appellant has petitioned for a rehearing, and has assigned four reasons therefor, but they may all be grouped and considered under the single proposition 2. which is urged by appellant, that the description of the property in the mortgage is too indefinite and uncertain, even as between the parties, to constitute a valid contract. The original opinion contains the following sentence: "The complaint specifically describes the property, and avers that it was the only property of its character owned by the mortgagors." This expression is not wholly correct, and it is due to appellant that the facts as pleaded should be correctly stated. It is averred that "said cows and said wagon being the only cows and only new wagon owned by and in possession of said defendants on the day of the execution of said mortgage." The complaint further avers: "That the property described herein is identical with and the same property as described in said mortgage." Omitting the description of the cows, the remainder of the mortgaged property is described in the complaint as follows: "Three work horses, one of which is gray in color, eight years old and named Joe; one of which is black in

color, nine years old and named Daisy; one of which is black in color, nine years old, and named Dolly. Also one heavy, broad-tread farm wagon."

In the brief in support of the petition for a rehearing counsel for appellant admits that "the questions decided in the opinion are correctly decided, except the one proposition: Was the complaint sufficient to warrant a decree of foreclosure as to the three work horses described in the mortgage, and attempted to be described in the complaint?" As between appellee and an innocent third party it may be conceded that the description of the horses, as stated in the mortgage, unaided, is too indefinite and uncertain, and would render the mortgage invalid. But no question of an innocent third party is presented by this appeal. The rights of the parties are to be determined upon the proposition that they are the original contracting parties. If they knew and understood what specific property was intended to be mortgaged, and a part of such property was not properly described, under proper averments of the complaint parol evidence would be admissible in aid of the description, and the mortgage would not be void, as between the parties, for uncertainty.

As already indicated, the property intended to be mortgaged is specifically described in the complaint. Finding number six is as follows: "That the horses covered by said mortgage were one black mare named Daisy, and one black mare named Dolly, and one gray horse named Joe, each one being nine years old, and being the property of and in the possession of the defendant Bailey Rudisell at the time of the execution of the mortgage and now in the possession of said defendant," etc. It thus appears that the specific property intended to be mortgaged is described in the complaint and finding, and there is no doubt but that the decree covers that property. No rights of third parties have intervened. Who then is harmed by an imperfect description of the property in the mortgage? Certainly

not appellant, for the very property he pledged to secure his debt is made subject to sale by the decree to satisfy the debt.

It is urged that the description of the horses in the mortgage is insufficient, because it does not appear that the mortgagor had no horses of a like character, not included in the mortgage. 1 Cobbey, Chattel Mortgages, §186, states the rule as follows: "Only a party whose rights are injuriously affected by the mortgage can raise the objection of insufficient description of the property. A mortgage may be void as against *bona fide* creditors of, or purchasers from, the mortgagor, for defective description of the property mortgaged, and yet good as between the parties to the mortgage, especially where the property included in the mortgage is identified by them. As between them, a specific and particular description of the several articles mortgaged, from which to identify them from other like articles of the mortgagor in the same collection, is not essential to the validity of the mortgage. A mortgage which is so indefinite as to the description of property that the record thereof would not constitute sufficient notice to a purchaser may nevertheless be valid between parties who are aware of the facts." The following authorities support the text: *Hamilton* v. *Miller* (1891), 46 Kan. 486, 26 Pac. 1030; *Leighton* v. *Stuart* (1886), 19 Neb. 546, 26 N. W. 198; *Cole* v. *Green* (1889), 77 Iowa 307, 42 N. W. 304, 14 Am. St. 283; *Clapp* v. *Trowbridge* (1888), 74 Iowa 550, 38 N. W. 411.

A summary of the law relative to the description of property in a chattel mortgage is stated in 1 Cobbey, Chattel Mortgages, §188, as follows: "The general rule seems to be that, as between the parties, any description is good, if the parties at the time knew and understood what the mortgage covered. That as to third parties, where the property intended to be mortgaged was identified at the time, any description which points out the particular

property, or suggests inquiries by which it can be identified outside of the instrument, is good against the world." This, it seems to us, is a reasonable and correct statement of the law. Under the complaint and facts specially found, it affirmatively appears that appellant's rights are not injuriously affected, and hence he has no right to raise the objection that the mortgage does not definitely describe the property. No pretense is made that the decree does not cover the specific horses intended by the parties to be embraced in the mortgage.

In *Gurley* v. *Davis* (1882), 39 Ark. 394, it was held that as between the mortgagor and the mortgagee of personal chattels a specific and particular description of the several articles mortgaged, by which to identify them from other like articles of the mortgagor, is not necessary. To the same effect are *Call* v. *Gray* (1859), 37 N. H. 428, 75 Am. Dec. 141; *Leighton* v. *Stuart, supra.* See, also, *Elder* v. *Miller,* (1872), 60 Me. 118.

In *Gammon* v. *Bull* (1892), 86 Iowa 754, 53 N. W. 340, it was held that a chattel mortgage was good as between the parties and as against persons having notice, though the description of the property was so defective as not to give constructive notice. It is no doubt the general rule that an attempt to mortgage a particular number of articles in a larger number of like kind is void unless the articles to be mortgaged are separated or so designated that they may be distinguished. 5 Am. and Eng. Ency. Law (2d ed.), 962, and authorities cited.

But this rule does not apply where the rights of strangers are not involved, for in the absence of innocent purchasers or creditors a specific description is not necessary. 5 Am. and Eng. Ency. Law (2d ed.), 963, and authorities cited.

In *Plano Mfg. Co.* v. *Griffith* (1888), 75 Iowa 102, 39 N. W. 214, it was held that a description in a chattel mortgage so indefinite that the recordation thereof would not be constructive notice is, nevertheless, good as to all parties

having actual notice of its existence and the intent as to the property which it was designed to include. This rule should apply with greater force to the parties to a mortgage.

In case of *Knapp, Stout & Co.* v. *Deitz* (1885), 64 Wis. 31, 24 N. W. 471, it was held that a description in a chattel mortgage as "forty-one Berkshire hogs and sixty-five grain-sacks" was not so uncertain as to invalidate the mortgage. A description of the property mortgaged as "six head of heifer calves one year old," "one steer calf one year old," and "forty shoats, all now on my farm," etc., was held sufficient where it appears that the mortgagor owned the stock described, and that they were on the farm, etc. *McGarry* v. *McDonnell* (1891), 82 Iowa 732, 47 N. W. 866.

A similar description of stock mortgaged was held sufficient even against subsequent purchasers from the mortgagor. *Kenyon* v. *Tramel* (1886), 71 Iowa 693, 28 N. W. 37.

A mortgage describing ten horses in the possession of the mortgagor was held not void for uncertainty or insufficiency of description, upon the theory that under such description it was competent to prove that the horses taken by the mortgagees were those actually mortgaged. *Eddy* v. *Caldwell* (1862), 7 Minn. 225.

As against a subsequent purchaser, a description as "one dark wood chamber suite (three pieces), one center table," etc., now in their (mortgagors') possession in the city of Minneapolis, etc., was held sufficient. *Adamson* v. *Horton* (1889), 42 Minn. 161, 43 N. W. 849. See, also, *Tolbert* v. *Horton* (1885), 33 Minn. 104, 22 N. W. 126.

The cases relied upon by appellant are principally those where the rights of innocent third persons have intervened, and hence are not of controlling influence here.

It seems to be the rule, well fortified by the authorities, that parol evidence is admissible to identify property conveyed in a chattel mortgage and to separate it from other property of a similar kind. 9 Am. Digest (Century ed.), p. 2373, and authorities cited.

8.

Under the complaint and findings in this case, it clearly appears that the horses against which the decree is to operate, are the identical ones that were intended by both of the parties to be included in the mortgage, and it matters not whether appellant at the time had other horses of like or different kind. From the whole record we are led to the conclusion that the respective rights of the parties have been rightly adjudicated, and no error is presented prejudicial to appellant.

Petition for a rehearing overruled.