**CLAY CENTER STATE BANK OF CLAY CENTER, NEB., et al. v. McKELVIE.**

Circuit Court of Appeals, Eighth Circuit.
April 18, 1927.

No. 303.

1. Exemptions ☞36—Proviso in statute held not to limit value of specific property exemption (Comp. St. Neb. 1922, §§ 9039, 9040).

Comp. St. Neb. 1922, § 9039, exempts to a debtor certain specific personal property. Section 9040, as amended in 1887, provides that property not exceeding in value $500 shall be exempt from debts contracted for family necessaries, and that such debts shall be deemed the debt of both husband and wife, with a proviso "that nothing herein contained shall be construed to exempt in the aggregate more than $500 worth of personal property to both husband and wife." Held, that the proviso applies only to the language immediately preceding, and does not limit the value of the property specifically exempted by section 9039 from debts other than for necessaries.

2. Statutes ☞228—Purpose of proviso is to except something from general clause or prevent possible misconstruction.

The usual purpose of a proviso is to restrain or modify the enacting clause, or to except something from its operation, or to prevent possible misconstruction.

3. Statutes ☞228—Proviso is presumed applicable only to provision to which it is attached.

The presumption is that a proviso refers only to the provision to which it is attached.

4. Exemptions ☞44—"Plow," exempted by statute, held to embrace any plow, though too large for operation by the two horses exempted.

Statute exempting "two plows," without qualifying words, construed to embrace any machine which falls within the general meaning of "plow," though four horses are required to operate such plow and the statute exempts only two.

Petition to Revise Order of the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of Homer L. McKelvie, bankrupt. On petition of the Clay Center Bank of Clay Center, Neb., and others to revise an order of the District Court. Affirmed.

Charles H. Epperson, of Fairfield, Neb. (J. E. Ray, of Clay Center, Neb., on the brief), for petitioners.

Paul E. Boslaugh, of Hastings, Neb. (H. G. Wellensiek, of Grand Island, Neb., Edmund Nuss and Stiner & Boslaugh, all of Hastings, Neb., on the brief), for respondent.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is a petition to revise an order of the District Court for the District of Nebraska in a proceeding in bankruptcy, setting aside to the bankrupt as his exemptions under the laws of the state of Nebraska approximately 150 pigs under six months of age, of the appraised value of $2,250, one combination three and four bottom La Crosse plow, of the

appraised value of $25, and one P. & O. two-row corn plow, of the appraised value of $60.

Counsel for petitioners make two principal contentions:

First, that section 9040, Comp. St. Neb. 1922, limits the exemptions provided by section 9039, Comp. St. Neb. 1922, to personal property of the aggregate value of $500, and that therefore the 150 pigs, of the appraised value of $2,250, were not exempt; and,

Second, that the three and four bottom turning plow and the two-row corn plow are not such plows as are contemplated by the provisions of subsection 6 of section 9039, for the reason that one team cannot furnish the motive power for such plows.

[1] Section 9039, supra, was originally section 6 of the Act of January 13, 1860 (Laws 1860, p. 102). It has remained a part of the statute law of Nebraska, without substantial change, since its original enactment. It reads, in part, as follows:

"No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state and the head of a family.

\* \* \* \* \*

"6. One cow, three hogs, and all pigs under six months old, and if the debtor be at the time actually engaged in the business of agriculture, in addition to the above, one yoke of oxen or a pair of horses in lieu thereof; ten sheep, and the wool therefrom, either in the raw material or manufactured into yarn or cloth; the necessary food for the stock mentioned in this section, for the period of three months; one wagon, cart, or dray, two plows and one drag; the necessary gearing for the team herein exempted and other farming implements not exceeding fifty dollars in value."

Section 9040, supra, was originally section 7 of the Act of January 13, 1860. It has been amended two times. The section as originally enacted read as follows:

"Nothing in this act shall be so construed as to exempt any property in this territory from execution or attachment for clerk's, laborer's, mechanic's, or physician's wages."

It was amended by the Act of February 12, 1869 (Laws 1869, p. 66), to read as follows:

"Nothing in this chapter shall be so construed as to exempt any property in this state from execution or attachment for clerk's, laborer's, or mechanic's wages or for money due and owing by any attorney at law,

for money or other valuable consideration received by said attorney for any person or persons."

It was amended by the Act of March 31, 1887 (Laws Neb. 1887, c. 95, p. 649), to read as follows:

"Nothing in this chapter shall be so construed as to exempt any property in this state from execution or attachment for clerk's, laborer's, or mechanic's wages, for money due and owing by any attorney at law, for money or other valuable consideration received by said attorney for any person or persons, nor shall anything in this chapter be construed to exempt from execution or attachment property of the value of more than five hundred dollars for any debt contracted by any person in the purchase of the actual necessaries of life for himself or family or for any person or persons who were, at the time of contracting such debt, dependent upon such person purchasing the same for support; provided, that where the debt contracted therefor shall be deemed the debt of both husband and wife; and provided further, that nothing herein contained shall be construed to exempt in the aggregate more than five hundred ($500.00) dollars' worth of personal property to both husband and wife."

It will be observed that it has been the purpose of this section from its original enactment to provide that the general exemption provisions shall not apply to certain classes of indebtedness, and that the last amendment added an additional class, namely, necessaries furnished to the debtor or his family.

The first contention of counsel for petitioners is predicated upon the language of the last proviso in chapter 95, Laws 1887. They urge that this proviso applies to section 9039. On the contrary, counsel for the respondent assert that this proviso applies only to the language which immediately precedes it, and that its purpose is to prevent a construction of section 9040 which would give an exemption of $500 each to the husband and wife as against the joint debt of husband and wife contracted for the necessaries of life.

[2, 3] The usual purpose of a proviso is to restrain or modify the enacting clause, or to except something from its operation, or to prevent possible misinterpretation. U. S. v. Morrow, 266 U. S. 531, 534, 45 S. Ct., 173, 69 L. Ed. 425; Cox v. Hart, 260 U. S. 427, 435, 43 S. Ct. 154, 67 L. Ed. 332; White v. U. S., 191 U. S. 545, 551, 24 S. Ct. 171,

48 L. Ed. 295; Minis v. U. S., 15 Pet. (40 U. S.) 423, 445, 10 L. Ed. 791; 36 Cyc. 1161. "Its grammatical and logical scope is confined to the subject-matter of the principal clause." U. S. v. Morrow, supra. While it is sometimes used to introduce independent legislation, the presumption is that it is used in accordance with its primary purpose, and refers only to the provision to which it is attached. U. S. v. Morrow, supra; U. S. v. G. Falk, 204 U. S. 143, 149, 27 S. Ct. 191, 51 L. Ed. 411. We think a consideration of another Nebraska statute adopted contemporaneously with chapter 95, Laws of 1887, sheds some light upon the purpose for which the proviso was used in the latter statute. In the case of Spellman v. Davis, 14 Neb. 263, 15 N. W. 336, decided in 1883, the Supreme Court of Nebraska held that the separate property of a married woman was not liable for any debt of her husband. This nonliability of the property of a married woman for the debts of her husband was again announced by the Nebraska court in Leighton v. Stuart, 19 Neb. 546, 26 N. W. 198, decided in 1886. In 1887, the Legislature amended section 1 of chapter 53, Comp. St. Neb. 1885, by adding thereto the following:

"Provided, that all property of a married woman not exempt by law from sale on execution or attachment shall be liable for the payment of all debts contracted for necessaries furnished the family of said married woman, after execution against the husband for such indebtedness has been returned unsatisfied for want of goods and chattels, lands and tenements whereon to levy and make the same." Laws Neb. 1887, c. 49, p. 478.

This latter act was adopted on the same day as chapter 95, Laws 1887. The objects of these statutes were to change the existing law and make the property of a married woman, not exempt by law, liable for debts contracted for necessaries furnished the family of such married woman, to declare indebtedness contracted for necessaries furnished to the family of a husband and wife their joint debt, and to fix the total exemption to both husband and wife as against such a debt at $500. Such being the fact, we think it is clear the proviso was here employed for its usual purpose, namely, to limit the language which immediately preceded it to one exemption of $500, and prevent it from being interpreted to give one exemption to the husband of $500, and another exemption to the wife of $500.

[4] The bankrupt in the instant case was actually engaged in the business of agriculture. Subsection 6 of section 9039, supra, exempts to such a debtor two plows. Counsel for the petitioner contend that, since subsection 6 exempts only two horses to a person engaged in agriculture, it logically intended to exempt only such plows as could be operated by the use of two horses for motive power, and that since the plows in question here are too large to be operated by the use of two horses for motive power they are not exempt under the provisions of subsection 6. It will be noted that the section in no wise limits or qualifies the words "two plows." On the other hand, it does place qualifications and restrictions upon certain of the other items of property exempted as, for example, "the necessary food for the stock mentioned in this section for the period of three months," and "the necessary gearing for the team herein exempted," and "pigs under six months old." Since the Legislature employed the word "plow" without any qualifying words, we think it should be construed to embrace any machine which falls within the general description of the word "plow."

The purpose of the statute was to protect the debtor in his occupation and to enable him to continue the same. If we hold the plows in question nonexempt, we will take from the debtor two machines which are very essential to such occupation. We do not think the mere fact that he will have to acquire additional horses to operate such plows justifies our holding that they are nonexempt, when to hold them exempt will not only be in keeping with the intent of the Legislature as shown by the general language employed, but will tend to accomplish the purpose for which subsection 6 was enacted, namely, to enable a debtor engaged in the occupation of agriculture to continue such occupation.

We find no error in the order of the District Court. The petition to revise is therefore denied.